**ROYAL GLOBE INSURANCE COMPANY**

v.

**The HARTFORD ACCIDENT AND INDEMNITY COMPANY.**

Supreme Judicial Court of Maine.

Argued Nov. 7, 1984.

Decided Dec. 18, 1984.

Hunt, Thompson & Bowie, Mark Franco (orally), James M. Bowie, Portland, for plaintiff.

Norman & Hanson, James D. Poliquin (orally), David C. Norman, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Plaintiff Royal Globe Insurance Company (Globe) appeals from an order of the Superior Court (Cumberland County) granting summary judgment to defendant Hartford Accident and Indemnity Company (Hartford) in an action for contribution to defense and settlement costs incurred by Globe in a malpractice suit against its insured. We affirm.

In the underlying personal injury action, a hospital patient sued the hospital, her doctor, and a head nurse for injuries the patient suffered while at the hospital. Globe, the head nurse's insurer, expended $38,147.72 in defending her in the suit and in settling the claim against her. Globe then filed the present suit against Hartford, the hospital's insurer, demanding that Hartford contribute one half of the amounts Globe had paid on behalf of the head nurse. The hospital's policy with Hartford provides "excess" professional liability coverage for hospital employees, including the nurse. Globe argued below that the proration clause in its own policy is repugnant to the excess coverage language in the Hartford policy, and that therefore under the doctrine of *Carriers Insurance Co. v. American Policyholders' Insurance Co.*, 404 A.2d 216 (Me.1979), both provisions should be disregarded and the loss on the claim against the head nurse should be divided between the two insurers.[1]

On motions by each insurer for summary judgment, the Superior Court held that Globe's "pro rata" provision and Hartford's excess coverage provision are not mutually repugnant, and that therefore the *Carriers* doctrine does not apply here.

In *Carriers* we declared that where each of two or more insurers seeks to exclude liability through logically indistinguishable "other insurance" clauses, those provisions may be disregarded. In the present case, the "excess" and "pro rata" other insurance clauses in the Hartford and Globe policies are not, however, inconsistent or repugnant to one another. The Hartford clause expressly makes the Hartford coverage of the nurse as a hospital employee "excess coverage." On the other hand, the Globe clause does not speak to whether that policy provides primary or excess cov-

1. The pertinent language in the Hartford policy reads:
   The insurance afforded to any such employee under the hospital professional liability insurance coverage part shall be excess over any other valid and collectible insurance.
   The Globe policy provision reads:
   **Other Insurance.** If the insured has other insurance against a loss covered by this policy under Coverage A hereof (Malpractice Liability), the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss. The insurance afforded under Coverage B (Personal Liability) and under Coverage C (Personal Medical Payments) shall be excess insurance over any other valid and collectible insurance; shall not contribute with any other insurance and shall apply only if and to the extent that insurance under any other policy is not collectible.

erage. In the absence of any language to the contrary, insurance is considered to be primary. *See Baybutt Construction Corp. v. Commercial Union Insurance Co.*, 455 A.2d 914, 921 (Me.1983); *Patrons-Oxford Mutual Insurance Co. v. Dodge*, 426 A.2d 888, 891–92 (Me.1981). In the case of the Globe policy, that conclusion as to malpractice liability is reinforced by the fact that other coverage, for personal liability and personal medical payments, is expressly declared to be excess coverage. *See* n. 1 above. A pro rata clause such as that contained in the Globe policy can apply either to excess or to primary insurance. Indeed, the Hartford policy contains a pro rata clause that is made to apply either on primary coverage or on excess coverage as among the policies existing at each level.

Since the Globe coverage is primary and the Hartford coverage is excess, and since the payments made by Globe were well within the $200,000 Globe policy limit, defendant Hartford was entitled to judgment on Globe's claim against it for contribution.

The entry is:

Judgment affirmed.

All concurring.