## YORK MUTUAL INSURANCE COMPANY
### v.
## CONTINENTAL INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued June 7, 1989.
Decided July 10, 1989.

Christopher C. Dinan (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for plaintiff.

Edward R. Benjamin, Jr. (orally), John Flaherty, Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

This declaratory judgment action concerns insurance policies issued by the plaintiff, York Mutual Insurance Company (York), to Patricia Champagne, and by the defendant, Continental Insurance Company (Continental), to David Dubord, Esquire. The coverage issues stem from an automobile accident on May 31, 1985 involving Laurier Audet and Champagne, a legal secretary acting within the scope of her employment for Dubord. At the time of the accident Champagne owned and operated a 1984 Chevrolet insured by a policy containing liability limits of $100,000 issued by York. Dubord held a business insurance policy containing liability limits of $1,000,000 issued by Continental. An action brought by Audet against Champagne was settled for $185,000 and paid equally by .

York and Continental. York then initiated this action seeking a declaration that Champagne is an additional insured under Continental's policy; and that York is required to pay, after considering Continental's policy, only its proportional share (100,000/1,100,000 or ¹⁄₁₁) of the settlement. We affirm the portion of the Superior Court's (Androscoggin County, *Alexander*, *J.*) judgment finding Champagne covered by Continental's policy. We vacate that portion finding that York's policy affords primary coverage, and thus the judgment for Continental for $7500.

I.

In the present case, Continental's policy contains the following coverage provision:
1. Liability Coverages

.    .    .    .    .

We will pay any amounts up to your Limit of Coverage for which you or anyone else covered under your *Liability Coverages* becomes liable as a result of bodily injury or property damage that is caused by an accident....

"Anyone else covered" includes Champagne as "an employee[ ] ... acting within the scope of [her] duties." The next section entitled "Restrictions On Your Policy's Liability Coverages" limits the above coverage in the following provision:

Vehicles and aircraft. We will not cover liability for bodily injury or property damage which results from the ownership, maintenance, use, loading or unloading of any vehicle or aircraft:

.    .    .    .    .

which is used by an employee of yours or of anyone else covered under your *Liability Coverages* in the course of that employment.

Within the same section appears the following provision:

We will also cover private passenger vehicles that someone other than you uses in your business, as long as the private passenger vehicle is not owned, rented, borrowed, or furnished for regular use by you or one of your partners....

"You" is defined as "the person or organization named as the 'Insured' on the Coverage Data Page," in this case, David Dubord.

■ The first restriction excludes Champagne from coverage as Audet's injuries resulted from the use of a vehicle by an employee of Dubord acting in the course of her employment. The second, however, provides an exception to this exception and extends coverage to Champagne as she was using a private passenger vehicle in Dubord's business that was not owned, rented, borrowed, or furnished for regular use by Dubord or one of his partners. We thus hold that the Superior Court properly found Champagne an additional insured under Continental's policy. *See Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 223 (Me.1980) ("Unambiguous language in a contract must be given its plain meaning.").

## II.

■ We have previously recognized the complexity and conflict that result in situations like the present case where more than one applicable insurance policy contains an "other insurance" clause.[1] *Carriers Ins. Co. v. American Policyholders' Ins. Co.*, 404 A.2d 216, 218 (Me.1979). Inconsistent or repugnant other insurance clauses must be disregarded, thus rendering applicable the general coverage of each policy. *Id.* at 220.

In the present case, York's policy contains the following "pro-rata" clause:

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

(App. 31). In addition, Continental's policy contains an "excess" clause:

If You Have Other Insurance

If you have other insurance available to you covering a Property or Business Income loss, or a liability or medical payments claim, or that would have covered the loss or claim if you did not have this policy, we will pay the amount of your loss or the liability that is left after you have collected the full amount available under the other policy. We will not, however, pay more than the applicable Limits of Coverage under this policy.

Because these two clauses are repugnant, we must disregard them and consider the general coverage of each policy. *Carriers*, 404 A.2d at 220; *cf. Royal Globe Ins. Co. v. Hartford Accident and Indemnity Co.*, 485 A.2d 242, 243 (Me.1984) (finding "excess" and "pro rata" other insurance clauses not repugnant where "excess" clause specifically made its coverage "excess coverage" and "pro rata" clause was silent). In the case at bar, neither clause expressly makes its policy's coverage "primary" or "excess;" thus, we consider both policies' coverage to be primary. *Id.* at 244.

## III.

■ Because we find that York and Continental's policies both provide primary coverage in the present case, we must determine how liability should be prorated. In *Carriers* we recognized that "on equitable principles the loss should be shared among the insurers," 404 A.2d at 221, and thus adopted a "minority rule" requiring each company to contribute equally until the limit of the smaller policy is exhausted, with any remaining portion of the loss then being paid from the larger policy up to its limits. *Id.* Applying this rule to the case at hand, York and Continental are each responsible for one-half of the settlement judgment, or $92,500. We thus vacate the Superior Court's judgment for Continental in the amount of $7,500.

The entry is:

Judgment affirmed in part and vacated in part. Remanded to the Superior Court

---

1. There are three basic types of other insurance clauses that regulate how liability is to be divided when multiple coverage exists. The first, a "pro-rata" clause, limits the liability of any insurer to a proportion of the total loss. The second, an "escape" clause, seeks to avoid all liability. The third, an "excess" clause, provides that the insurance will only be excess. *Carriers Ins. Co. v. American Policyholders' Ins. Co.*, 404 A.2d 216, 218 (Me.1979).