**TRANSPORT INSURANCE COMPANY, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY, Appellee.**

**No. 4765.**

Court of Civil Appeals of Texas.

Waco.

Nov. 21, 1968.

Rehearing Denied Dec. 10, 1968.

D. L. Case, Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

Burford, Ryburn & Ford, James H. Holmes, III, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Transport Insurance Company, from summary judgment against it, awarding plaintiff Employers Casualty Company, $4,598.44.

Prior Products Inc. had a liability policy with Employers, covering its vehicles, with liability limit to $300,000. Hunsaker Truck Lease, Inc. had a liability policy with Transport, covering its vehicles, with liability limit to $500,000. Both of the policies had the following identical provision:

"Other Insurance. If the insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectable insurance against such loss; * * * *"

Hunsaker leased Prior Products a truck. The driver of the truck had a collision with a Mr. and Mrs. Seigel. Mr. and Mrs. Seigel sued Prior Porducts for $37,500. Transport was tendered the defense of the suit, but denied coverage, and Employers assumed defense of such suit. Thereafter, Employers paid the Seigels $6,750., and accrued attorneys' fees of $607.50, for a total of $7,357.50. The record reflects that such sum was a reasonable settlement and made by Employers in complete good faith.

Employers filed this case against Transport for all or a portion of the funds paid in defense and settlement of the Seigel case. Employers thereafter filed motion for summary judgment against Transport for reimbursement for the $7357.50 which Employers paid to the Seigels in settlement of their suit against Prior Products. The trial court granted such motion on a pro rata basis, awarding plaintiff $4598.44 or ⅝'s of $7,357.50 (thus holding that Employers' limits being $300,000., and Transport's limits being $500,000., Employers had the duty to discharge ⅜'s of Prior Products' liability, and Transport the duty to discharge ⅝'s of such liability; and since Employers had discharged the entire amount of such liability, Employers was entitled to reimbursement of ⅝'s of such amount from Transport.

Defendant (Transport) appeals, contending the trial court erred in granting summary judgment against it, because under the policies involved, plaintiff (Employers) did not have any right of contribution from Transport, and could not recover any excess payment from Transport.

We thus have a situation where both plaintiff and defendant issued its liability policy covering the same truck. Each poli-

cy provided that the insurer would pay such proportion of the liability as the amount insured by such insurer bore to the total amount of insurance on the truck. Plaintiff's policy was for ⅜'s of the total amount of insurance on the truck; defendant's policy was for ⅝'s of such amount. The truck was involved in an accident; defendant denied liability and refused to defend the suit; and plaintiff made settlment with the injured parties in the other vehicle. Such settlement was reasonable and in good faith.

The question here presented is whether plaintiff may require defendant to reimburse it for a proportionate part of the sum paid to the injured parties in such settlement, both policies being "pro rata liability policies."

■ We answer the question in the negative on authority of Traders & General Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142, 148. In such case the Supreme Court held that where two insurance companies insure the same subject matter with "pro rata liability" policies, that the extent of the liability of each company to the *insured,* is the pro rata extent each company's coverage bore to the loss. The court further held that where one of the insurance companies pays or settles the entire loss, such company has no right of contribution against the other. The court said:

"It is the general rule that, if two or more insurers bind themselves to pay the entire loss insured against, and one insurer pays the whole loss, the one so paying has a right of action against his coinsurer, or coinsurers, for a ratable proportion of the amount paid by him, because he has paid a debt which is equally and concurrently due by the other insurers. *On the other hand, it is also the general rule that, if each of several insurers contracts to pay such proportion of the loss * * * as the amount insured by such insurer bears to*

*the whole insurance effected * * *, none of such insurers has any right to contribution from the others,* nor will the payment of the whole loss by any of them discharge the liability of the others. This is because in such a case the contracts are several, and independent of each other. * * *"* 7 Am.Jur.2d, p. 546, expresses the rule thusly:

"The liability of insurers under policies containing pro rata clauses is several but not joint and is determined as soon as liability to insured claimants becomes fixed; *and an insurer who pays more than that portion of total liability which the limit of its policy bears to total insurance is a volunteer and cannot recover the excess in equity from its coinsurer on the theory of contribution * * *. Accordingly where an automobile liability policy issued by each of two insurers on the same automobile contained a pro rata clause, and one of the insurers, in spite of notice from the other insurer that the latter would not pay its proportion of a loss, paid the entire amount of the loss, * * * the insurer who had paid the entire loss had no right of contribution from the other."*

To the same effect 46 C.J.S. Insurance § 1207, p. 151; and 21 A.L.R.2d pp. 611–613.

Plaintiffs argue eloquently and forcefully that the rule should be otherwise in Texas; and we recognize that in some jurisdictions such is the case. But the rule as stated here was laid down 25 years ago by our Supreme Court, and we do not believe it is our function as an intermediate appellate court to undertake to change it. Meska v. City of Dallas, Tex.Civ.App., Er. Ref., 429 S.W.2d 223, 224.

■ We sustain defendant's point, and hold under the record, plaintiff may not require defendant to pay any part of the settlement plaintiff effected with the Seigels.

Reversed and remanded.