271 N.J. Super. 409 (1994)
638 A.2d 924
ROYAL INSURANCE COMPANY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
RUTGERS CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT, AND SHERRI L. DAVIDSON, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued February 15, 1994.
Decided March 22, 1994.
*411 Before Judges MICHELS, SKILLMAN and WEFING.
Susan L. Moreinis argued the cause for appellant and cross-respondent Rutgers Casualty Insurance Company.
James A. Mullen, Jr. argued the cause for respondent and cross-appellant Royal Insurance Company (Montano, Summers, Mullen, Manuel, Owens & Gregorgio, attorneys; Mr. Mullen, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
*412 Defendant Rutgers Casualty Insurance Company (Rutgers) appeals and plaintiff Royal Insurance Company (Royal) cross-appeals from a summary judgment of the Law Division that (1) declared that Rutgers and Royal shall equally pay an underinsured motorist arbitration award and post-judgment interest to defendant Sherri L. Davidson (Ms. Davidson) and (2) ordered Rutgers to reimburse Royal for fifty percent of all costs incurred by Royal in the arbitration proceedings, including the arbitrators' fees and Royal's attorneys' fees. The pivotal issue raised by this appeal is whether the Rutgers insurance policy or the Royal insurance policy provided Ms. Davidson with her primary underinsured motorist coverage or whether both policies provided concurrent coverage and, if so, what amount each policy must contribute toward payment of the award.
The facts giving rise to this appeal are undisputed. Ms. Davidson was injured as a result of an automobile accident involving Ms. Sandra Mimms. Ms. Davidson was operating an automobile owned by her employer, Arrow Pontiac, a Division of Auerbach Chevrolet Corporation. The Arrow Pontiac automobile was insured under a garage policy issued by Royal to Auerbach Chevrolet Corporation which contained underinsured motorist coverage with limits of $500,000 per accident. Ms. Davidson, as part of her compensation package, was permitted to drive the automobile for both personal and business use, but was required to contribute $25 per month towards the cost of the insurance covering that vehicle.
Ms. Mimms was operating an automobile which was insured by a policy with a personal injury liability limit of $25,000. Ms. Davidson made a claim against Ms. Mimms to recover damages for the personal injuries she sustained as a result of the accident. Ms. Mimms' insurance company paid Ms. Davidson the entire $25,000 policy limit in satisfaction of her claim against Ms. Mimms.
At the time of the accident, Ms. Davidson's husband, Carl L. Davidson, owned a GMC truck which he had purchased jointly with Ms. Davidson. He also owned a Chevette passenger automobile. *413 Both the GMC truck and the Chevette were covered by a Rutgers personal automobile policy which named "Carl L. & Sherri L. Davidson" as insureds and contained underinsured motorist coverage with limits of $300,000 per accident.
After Ms. Davidson settled with Ms. Mimms, she filed an arbitration claim against Rutgers and Royal, seeking to recover the amount of her uncompensated loss under the underinsured motorist provisions of the respective policies. Both Rutgers and Royal refused to pay Ms. Davidson, each contending that its policy provided only excess underinsured motorist coverage, not primary coverage. Prior to the scheduled arbitration hearing, Rutgers informed Ms. Davidson and Royal that it did not intend to participate in the arbitration. Ms. Davidson thereupon instituted an action in the Law Division seeking a court order to compel Rutgers to participate in the arbitration proceedings or, alternatively, to appoint an arbitrator to represent Rutgers at those proceedings. The Law Division did not order Rutgers to appear, but ordered that the arbitrator for Royal also act as the arbitrator for Rutgers.
The arbitration proceeded without the participation of a representative for Rutgers. At the conclusion of the proceedings, the panel of arbitrators awarded Ms. Davidson damages in the total sum of $82,500 for the personal injuries she sustained in the accident. Since Ms. Davidson had received $25,000 from Ms. Mimms' insurance company, her net underinsured motorist award was $57,500. By agreement, the panel of arbitrators did not resolve the issue of the liability of Rutgers and Royal for payment of the award because this issue was to be resolved by the Law Division. Following the arbitration, Royal demanded that Rutgers reimburse it for one-half of the arbitration fees and costs, but Rutgers refused.
Royal thereupon instituted this action in the Law Division against Rutgers and Ms. Davidson, seeking a declaratory judgment that (1) Rutgers pay Ms. Davidson the balance due on the underinsured motorist award of $57,500 on the ground that the *414 Rutgers policy provided the primary coverage; (2) Rutgers reimburse it for one-half of the fees and costs incurred in prosecuting the arbitration; and (3) Rutgers reimburse it for the attorneys' fees and costs incurred in prosecuting the declaratory judgment action. Rutgers denied that it was under any liability to Royal or to Ms. Davidson because it claimed that the Royal policy provided the primary underinsured motorist coverage and its policy only provided excess coverage. By way of counterclaim, Rutgers sought a declaratory judgment that (1) its underinsured motorist coverage was excess to the primary coverage provided by the Royal policy; (2) it was not under any liability to Ms. Davidson because the net arbitration award of $57,500 was less than the limits of Royal's underinsured motorist coverage; and (3) Royal reimburse it for all attorneys' fees and costs incurred in defending this action. Alternatively, Rutgers contended that if it were under any liability to Ms. Davidson, then it was only liable for its pro rata share of the net arbitration award, based on the proportion that its limit of liability bore to the total limits of all applicable underinsured motorist coverage.
On cross-motions for summary judgment, the trial court found that "because of certain factors of Ms. Davidson's employment", the Royal policy "was personal insurance coverage and basically in the nature of first party coverage." The trial court also found that the underinsured motorist coverage of the Rutgers policy issued to Ms. Davidson and her husband was also "personal and basically first party coverage," and ordered that Royal and Rutgers each pay fifty percent of the net arbitration award and that Rutgers reimburse Royal for one-half of the cost of the arbitration proceedings, including the arbitrators' fees and Royal's attorneys' fees. This appeal and cross-appeal followed.
Rutgers seeks a reversal of the judgment, contending that the Royal policy issued to Auerbach Chevrolet Corporation covering the automobile operated by Ms. Davidson was the primary underinsured motorist coverage and that the Rutgers policy issued to Ms. Davidson and her husband covering their automobiles provided *415 only excess underinsured motorist coverage. Rutgers further contends that since the limits of Royal's primary coverage were sufficient to satisfy the arbitration award, it is not under any liability to Ms. Davidson or under any liability to Royal to pay a part of the cost of arbitration proceedings, including the arbitrators' and attorneys' fees incurred by Royal. We agree and reverse.
Generally, whether or not a policy of insurance provides primary or excess coverage or whether a policy provides concurrent coverage with other available insurance and the extent to which such policy contributes to a loss is governed by the "Other Insurance" provisions of the policies involved. The "Other Insurance" provision of the underinsured motorist coverage contained in Part C of the Rutgers' personal automobile insurance policy provides:
If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.
However, any insurance we provide with respect to a vehicle you do not own, or a vehicle owned by you or any family member which is not insured for this coverage under this policy, shall be excess over any other collectible insurance.
The definitional section of the Rutgers policy, in pertinent part, provides:
In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:
DEFINITIONS
A. Throughout this policy, "you" and "your" refer to:
1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household.
The "Other Insurance" provision of the Royal policy, provides:
For any covered auto you own this policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance.
The definitional section of the Royal policy, in pertinent part, provides:

*416 In return for the payment of the premium and subject to all the terms of this policy, we agree with you as follows:
PART 1  WORDS AND PHRASES WITH SPECIAL MEANING  READ THEM CAREFULLY.
The following words and phrases have special meaning throughout this policy and appear in boldface type when used:
A. "You" and "your" mean the person or organization shown as the named insured in ITEM ONE of the declarations.
Our function in construing these policies of insurance, as with any other contract, is to search broadly for the probable common intent of the parties in an effort to find a reasonable meaning in keeping with the express general purposes of the policies. See Fidelity Union Trust Co. v. Robert, 36 N.J. 561, 567, 178 A.2d 185 (1962); American Home Assur. Co. v. Hartford Ins. Co., 190 N.J. Super. 477, 484, 464 A.2d 1128 (App.Div. 1983); Tooker v. Hartford Acc. & Indem. Co., 128 N.J. Super. 217, 222-223, 319 A.2d 743 (App.Div. 1974), certif. denied, 70 N.J. 137, 358 A.2d 184 (1976); Insurance Co. of State of Pa. v. Palmieri, 81 N.J. Super. 170, 179, 195 A.2d 205 (App.Div. 1963), certif. denied, 41 N.J. 389, 197 A.2d 15 (1964). In this pursuit, we cannot emphasize too strongly that when an insurance policy "is clear and unambiguous ... the court is bound to enforce the policy as it is written. It is not the function of the court to make a better contract for the parties than they themselves have seen fit to enter into or to alter it for the benefit of one party and to the detriment of the other." Flynn v. Hartford Fire Ins. Co., 146 N.J. Super. 484, 488, 370 A.2d 61 (App.Div.), certif. denied, 75 N.J. 5, 379 A.2d 236 (1977); see also Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43, 161 A.2d 717 (1960); Kook v. American Sur. Co. of N.Y., 88 N.J. Super. 43, 52, 210 A.2d 633 (1965).
In view of the clear and unambiguous language of the "Other Insurance" provision of the Rutgers policy, it is perfectly plain that the underinsured motorist coverage provided by the Rutgers policy provided excess coverage to Ms. Davidson for the personal injuries she sustained as a result of the accident with Ms. Mimms while operating an automobile not owned by her or her *417 husband. According to the definitional section of the Rutgers policy, the term "you" contained in the "Other Insurance" provision refers to Ms. Davidson because she was one of the named insureds in the policy. Consequently, since Ms. Davidson was operating a non-owned vehicle, the Rutgers policy issued to her and her husband was excess over any other collectible insurance.
Here, there is other collectible insurance provided by the Royal policy. The "Other Insurance" provision of the Royal policy expressly provides that "[f]or any covered auto you own this policy provides primary insurance." Under the definitional section of the Royal policy, the term "you" in the "Other Insurance" provision refers to Auerbach Chevrolet Corporation, the named insured, not Ms. Davidson. Since Auerbach Chevrolet Corporation owned the automobile operated by Ms. Davidson, Royal's policy provided the primary coverage. Thus, Rutgers is not liable to Ms. Davidson for the underinsured motorist arbitration award until the limits of the primary Royal policy are exhausted. See Cosmopolitan Mut. Ins. Co. v. Continental Casualty Co., 28 N.J. 554, 561, 147 A.2d 529 (1959); Atlantic Mut. Ins. Co. v. Continental Nat. Am. Ins. Co., 123 N.J. Super. 241, 245, 302 A.2d 177 (Law Div. 1973); Insurance Co. of State of Penna. v. Palmieri, 75 N.J. Super. 350, 360-361, 183 A.2d 154 (Ch.Div. 1962), aff'd, 81 N.J. Super. 170, 195 A.2d 205 (App.Div. 1963), certif. denied, 41 N.J. 389, 197 A.2d 15 (1964); American Surety Co. of N.Y. v. American Indem. Co., 8 N.J. Super. 343, 349, 72 A.2d 798 (Ch.Div. 1950); see also 8A John Alan Appelman et al., Insurance Law and Practice, § 4909 at 383-384 (1981).
The amount of the underinsured motorist arbitration award, after deducting the $25,000 received by Ms. Davidson from the tortfeasor's insurance company, was $57,500, far less than the $500,000 limit of coverage provided by the Royal policy. Since the Royal policy limits were not exhausted, Rutgers is not under any liability to Ms. Davidson to contribute to the arbitration award or to reimburse Royal for any part of the arbitration costs, including the arbitrators' and attorneys' fees.
*418 We further note that N.J.S.A. 17:28-1.1c does not prohibit an insurance company from making its underinsured motorist coverage excess over any other collectible insurance or require that all available underinsured motorist coverage contribute to a loss on a pro rata basis. N.J.S.A. 17:28-1.1c provides:
Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured. If the insured had uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits.
This statute requires that where the insured has uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limit of each coverage bears to the total of the limits. The second sentence of this statute may be read to prohibit an insurance company from making its uninsured motorist coverage excess. However, the second sentence does not apply to underinsured motorist coverage and it cannot be read or construed to preclude an insurance company from making its underinsured motorist coverage excess to other collectible insurance. See Prudential Property and Casualty Ins. Co. v. Travelers Ins. Co., 264 N.J. Super. 251, 258-260, 624 A.2d 600 (App.Div. 1993); Universal Underwriters v. Atlantic Emp. Ins. Co., 259 N.J. Super. 74, 77, 78-79, 611 A.2d 165 (Law Div. 1992).
Uninsured motorist coverage and underinsured motorist coverage are treated differently by statute. For example, N.J.S.A. 17:28-1.1a mandates uninsured motorist coverage for all motor vehicle liability policies issued in this state in connection with any motor vehicle registered or principally garaged in this state. By contrast, underinsured motorist coverage is not mandated by statute; N.J.S.A. 17:28-1.1b merely requires that an insurance company provide underinsured motorist coverage as an option to the named insured up to certain specified limits. Additionally, *419 N.J.S.A. 17:28-1.1e(1) provides that to determine whether a motor vehicle is underinsured, the limits of liability for that vehicle shall be compared against the underinsured motorist limits of the motor vehicle insurance policy held by the person seeking underinsured motorist recovery, rather than being compared against the limits of any other policies that may apply to the benefit of the person seeking recovery. See Prudential Property and Casualty Ins. Co. v. Travelers Ins. Co., supra, 264 N.J. Super. at 259, 624 A.2d 600 (examining the differences between uninsured and underinsured motorist coverage).
Finally, we recognize that underinsured motorist coverage has been characterized by some courts as being "personal to an insured", apparently because this type of insurance is acquired solely at the option of the insured and "provid[es] as much coverage as the insured is willing to purchase for his or her protection subject only to the owner's policy liability limits for personal injury and property damages to others." Clegg v. N.J. Auto. Full Underwriting Ass'n, 254 N.J. Super. 634, 638, 604 A.2d 179 (App.Div. 1992) (quoting Nikiper v. Motor Club of America Cos., 232 N.J. Super. 393, 399, 557 A.2d 332 (App.Div.), certif. denied, 117 N.J. 139, 564 A.2d 863 (1989); see also Prudential Property and Casualty Ins. Co. v. Travelers Ins. Co., supra, 264 N.J. Super. at 259-260, 624 A.2d 600. However, this characterization of underinsured motorist coverage cannot overcome the clear and unambiguous language of a policy and render the policy's "excess" clause void and unenforceable. It is fundamental that in the absence of a statutory prohibition to the contrary, an insurance company has a right to impose whatever conditions it desires prior to assuming its obligations, including providing whether its policy shall be primary to or excess over other collectible insurance, and how it will contribute with such other insurance. Kampf v. Franklin Life Ins. Co., supra, 33 N.J. at 43, 161 A.2d 717; Schneider v. New Amsterdam Casualty Co., 22 N.J. Super. 238, 243, 92 A.2d 66 (App.Div. 1952). Such qualifying provisions should be construed in a common sense and logical fashion in accordance *420 with the language used. Wilkinson & Son, Inc. v. Providence Washington Ins. Co., 124 N.J. Super. 466, 469, 307 A.2d 639 (Law Div. 1973). Thus, while the Rutgers underinsured motorist coverage may be characterized as "personal" coverage, it was not the primary coverage under the circumstances of this case. Ms. Davidson was operating a non-owned automobile and therefore, by a straightforward application of the terms of the policies, the Rutgers policy was excess over the primary coverage provided by the Royal policy.
Accordingly, the judgment of the Law Division under review is reversed.