703 A.2d 692

PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY OF NEW JERSEY, PLAINTIFF–APPELLANT, v. STATE FARM INSURANCE COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 1, 1997—Decided December 19, 1997.

Before Judges HAVEY, LANDAU and NEWMAN.

*Randi S. Greenberg* argued the cause for appellant (*Robert A. Auerbach*, attorney; *Ms. Greenberg*, of counsel and on the brief).

*R. Peter Connell* argued the cause for respondent (*Connell & Connell*, attorneys; *Mr. Connell*, on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Plaintiff Prudential Property and Casualty Insurance Company of New Jersey (Prudential) appeals from a 1996 order awarding summary judgment in favor of defendant State Farm Insurance Company (State Farm) and denying Prudential's cross-motion for judgment. Prudential's complaint had sought indemnification from State Farm for underinsured motorist benefits (UIM) paid to its insured, Donald Kubs (Kubs), and a declaration that a State Farm policy provided primary UIM coverage in the circumstances of this case.

Kubs was injured in an automobile accident on August 10, 1991 while he was a passenger in a car owned by Kelly A. Houlihan (Houlihan). Houlihan was insured by State Farm with $50,000 in UIM coverage. Kubs' Prudential policy provided UIM limits of $100,000 per person/$300,000 per accident. The tortfeasor, Andrew Sheridan, was underinsured and, as his carrier paid Kubs only $15,000 on his behalf, Kubs made a UIM claim against his own carrier, Prudential.

Prudential paid $50,000 in UIM benefits to Kubs, after efforts to secure State Farm's participation in arbitration or settlement of the claims were unsuccessful.

In a written opinion rendered December 13, 1996, the motion judge concluded that the decision in *Aubrey v. Harleysville Ins. Cos.*, 140 *N.J.* 397, 658 *A.*2d 1246 (1995) mandated judgment for State Farm in light of its language linking UIM coverage to "the injured person, not the covered vehicle" and its statement that such coverage is "personal" to the insured. *Aubrey, supra,* 140 *N.J.* at 403, 658 *A.*2d 1246. The judge also relied upon the

"reasonable expectations" rationale set forth and the language associating UIM recovery with the limits "chosen by the insured." *Id.* at 404–05, 658 A.2d 1246. It was concluded that Prudential "is not only primarily, but solely responsible to pay UIM benefits to Mr. Kubs." The judge pointed out, and undertook to resolve, what was perceived to be conflict in some of our reported and unreported UIM decisions after *Aubrey.*

Since the motion was decided, however, the Supreme Court handed down *French v. New Jersey School Board Ass'n. Ins. Group,* 149 *N.J.* 478, 694 A.2d 1008 (1997), recognizing that UIM insurance has "proved to be an infinitely complex and troublesome area for the bar and the insurance industry." *Id.* at 482, 694 A.2d 1008. *French* clarified and limited the *Aubrey* holding to make it clear that "a policy 'held' by a claimant is not always a policy purchased by a claimant. Others may provide coverage for the claimant." *Id.* at 487, 694 A.2d 1008. The Court took note of correcting language in the latest 1996 standard automobile insurance agreement form filed with the Department of Insurance, stating that it

> provides that if a person is not a named insured under a UIM policy (as in the case of one who occupies the car of another), that occupant, although an insured under the policy of the host car, is not considered eligible for UIM coverage under the host's policy unless the limits of liability on the vehicle of the negligent operator are less than the limits of liability held by the occupant as a named insured, or as a spouse or family member under the policy of a named insured.
>
> [*Id.* at 494, 694 A.2d 1008.]

It was noted that under *that* new language [1], a passenger in the car of another would not be eligible for UIM benefits under the host's policy unless the tortfeasor's limits of liability were less than those under the passenger's personal policy. *Id.* at 494–95, 694 A.2d 1008.

However, the *French* decision makes clear that, subject to compliance with *N.J.S.A.* 17:28–1.1, courts must enforce the plain language of the applicable insurance contracts as to UIM, *id.* at

---

[1] Not here in effect as to either policy.

492, 694 A.2d 1008, and that both the statute and the standard UIM endorsement in effect at the time plainly "contemplate situations in which one could conceivably receive benefits under more than one UIM policy," *id.* at 487, 694 A.2d 1008, but subject to the statute's anti-stacking provisions, *id.* at 495, 694 A.2d 1008.

In short, *French* conclusively disposes of the Law Division's holding in this case that an injured person in an underinsured setting who has purchased a policy with UIM coverage "may look only to the purchased policy for recovery." The Houlihan State Farm policy unambiguously defines an "insured" person covered by its UIM provisions to include, *inter alia,* "any other person while occupying ... [Houlihan's] car" and "any person entitled to recover damages because of bodily injury to" such an insured.

As Kubs was an occupant of the Houlihan car when injured, it is obvious, at least since *French,* that the State Farm Policy may be pursued for his UIM benefits. The summary judgment award to State Farm is accordingly reversed.

Prudential also appeals the denial of its cross-motion which sought indemnification, to the extent UIM benefits were payable under the State Farm policy, of the sum it paid to Kubs. Noting that the State Farm policy provided $50,000 in UIM per person, Prudential sought $35,000 ($50,000 less the $15,000 Kubs received under the tortfeasor's limited coverage) from State Farm.

As we have already determined that Kubs is an insured under both the State Farm and Prudential policies, it is necessary next to consider the "other insurance" clauses applicable to UIM in the respective policies.

The State Farm policy reads, in pertinent part:

If There Is Other Coverage

1. If the *insured* sustains *bodily injury* and other uninsured and underinsured motorist coverage applies:

a. the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability; and

b. we are liable only for our share. Our share is that percent of the damages that the limit of liability of this coverage bears to the total of all uninsured and underinsured motorist coverage applicable to the accident.

This is a "pro rata" clause. The Prudential insuring agreement, however, makes amounts payable thereunder for accidents in other cars covered by similar (i.e., UIM) insurance *excess* to such other insurance.

Absent enunciation by the legislature of a contrary rule or a contrary strong public policy recognized in case law, courts have enforced "other insurance" provisions as written. *Maimone v. Liberty Mut. Ins. Co.*, 302 *N.J.Super.* 299, 303–306, 695 *A.*2d 341 (App.Div.1997); *Royal Ins. Co. v. Rutgers Cas. Ins. Co.*, 271 *N.J.Super.* 409, 418, 638 *A.*2d 924 (App.Div.1994). *See also Koniecpolski v. Worldwide Ins. Group*, 299 *N.J.Super.* 275, 279, 690 *A.*2d 1088 (App.Div.1997); *Am. Reliance Ins. Co. v. Am. Cas. Co. of Reading, Pa.*, 294 *N.J.Super.* 238, 240, 683 *A.*2d 205 (App.Div. 1996), *certif. denied*, 150 *N.J.* 29, 695 *A.*2d 671 (1997). The principle has recently been recognized in *French, supra*, 149 *N.J.* at 492, 694 *A.*2d 1008.

■ No less well established is the principle that where *pro rata* and excess coverage clauses appear in concurrently effective policies, the former is disregarded and full effect given to the excess clause. *Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.*, 28 *N.J.* 554, 561–562, 147 *A.*2d 529 (1959). Thus, the policy providing *pro rata* coverage becomes the primary source of recovery.

In *Royal, supra*, 271 *N.J.Super.* at 418, 638 *A.*2d 924, we considered whether the language of *N.J.S.A.* 17:28–1.1c compelled a different result. *N.J.S.A.* 17:28–1.1c provides:

Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured. If the insured had *uninsured* motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits. (emphasis provided).

We noted in *Royal* the different statutory treatment of uninsured motorist coverage and underinsured motorist coverage, and explained some of those differences. *Id.* at 418–419, 638 *A*.2d 924. Most critically here, *Royal* pointed out that while the first sentence of *N.J.S.A.* 17:28–1.1c begins with the words "uninsured and underinsured motorist coverage," the second sentence, which calls for proration where coverage is available under more than one policy, is expressly limited to "uninsured" motorist coverage.[2] *Id.* at 418, 638 *A*.2d 924.

■ Thus, as the statute does not require proration, and no overriding public policy has been judicially established, we interpret the insurance clauses in the present case to provide that Prudential's policy is excess to the UIM coverage provided by the State Farm policy. Judgment for Prudential consistent with this opinion should be entered.

At oral argument, counsel were unable to answer whether there are any other supervening calls upon the UIM coverage provided by the State Farm policy. *See, e.g., Clegg v. New Jersey Auto. Full Underwriting Ass'n,* 254 *N.J.Super.* 634, 639–40, 604 *A*.2d 179 (App.Div.1992). Accordingly, before entering a specific monetary judgment, upon remand, the Law Division should secure appropriate representations on this issue before exhausting the State Farm UIM coverage limits.

Reversed and remanded for entry of judgment for Prudential.

[2] The opinion in *French* referred to *UIM* coverage as being included in the second sentence of *N.J.S.A.* 17:28–1.1c. *French, supra,* 149 *N.J.* at 495, 694 *A*.2d 1008. As the statute does not appear to so provide, we respectfully suggest that this be addressed when the Supreme Court considers *Magnifico v. Rutgers Cas. Ins. Co.,* No. A–853–95 (App.Div. December 19, 1996), for which certification has been granted, 149 *N.J.* 407, 694 *A*.2d 193 (1997).