706 A.2d 217

UNIVERSAL UNDERWRITERS INSURANCE COMPANY,
PLAINTIFF–APPELLANT, v. CNA INSURANCE
COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 21, 1998—Decided February 20, 1998.

Before Judges LONG, KLEINER and KIMMELMAN.

*Ciarrocca & Ciarrocca,* attorneys for appellant (*Mark P. Ciarrocca,* of counsel and on the brief).

*Granstrand & Caiati,* attorneys for respondent (*Arthur Arnold,* on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

The issue on appeal arises under circumstances in which each of two insurance carriers afforded primary coverage for the happening of the same accidental injury. This court is asked to determine what percentage of liability each carrier must bear to cover the loss.

Plaintiff insures Mr. Goodlube, an automobile service center, with liability coverage in the amount of $1,000,000. Defendant insures the leased car of a particular Mr. Goodlube customer with liability coverage in the amount of $300,000. After completing the servicing work on that car, a Mr. Goodlube employee backed it out of the garage and accidentally struck and injured a pedestrian. The injured pedestrian made claims against both Mr. Goodlube and its employee and the owner of the car.

Plaintiff insured Mr. Goodlube and its employee for the happening of the accident. Defendant insured the authorized driver and the car which accidentally struck the pedestrian. Both carriers acknowledge that their policies afforded primary coverage for the injuries sustained by the pedestrian, who has commenced a legal action. Plaintiff argues that the two carriers should contribute equally to payment of the claim. Defendant argues that the payment of the claim should be on a *pro rata* basis, determined by the respective policy limits. Since the total available primary coverage is $1,300,000 ($1,000,000 from plaintiff plus $300,000 from defendant), defendant claims responsibility for $300,000/$1,300,000 or 23% against 77% for plaintiff.

On plaintiff's motion for summary judgment in its declaratory judgment action to determine the parties' respective responsibility for payment of the injured pedestrian's claim, the trial court rejected plaintiff's contention and ruled that the carriers must share responsibility on a *pro rata* basis. Plaintiff appeals.

## I

In consideration of this matter, our initial function is to construe the insurance policies as written, in an effort to find the meaning and purpose of each with respect to responsibility for payment of the claim in question. *See Royal Ins. Co. v. Rutgers Cas. Ins. Co.,* 271 *N.J.Super.* 409, 416, 638 *A.*2d 924 (App.Div.1994). Where two carriers are each primarily liable, we must examine the "Other Insurance" clause of each policy to determine whether there exists language which may govern the contribution each party should make to payment of the claim when adjusted.

Under the heading "Other Insurance," plaintiff's policy is silent as to the method of sharing responsibility when other coverage is available. It simply provides: "The insurance afforded by this policy is primary[.]" No exception or limitation is provided in plaintiff's policy regarding the payment of the claim here involved. On the other hand, defendant's policy is more specific. It provides under its "Other Insurance" clause, in pertinent part, as follows:

8. Other Insurance.

When there is other applicable insurance, we will provide coverage as follows:

. . .

b. During the first and subsequent years of this policy for those exposures shown effective in the coverage summary, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

## II

We do not find this case to be controlled, as plaintiff urges, by the decision in *Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co.,* 28 *N.J.* 554, 147 *A.*2d 529 (1959). In *Cosmopolitan,* a leased vehicle being used in the business of a news delivery company was

involved in an accident while being operated by one of its employees. At the time of the accident, the news company and its employee were covered by a liability insurance policy issued by Cosmopolitan and the leased vehicle was covered by a policy issued by Continental. *Id.* at 556–57, 147 *A.*2d 529. Both policies extended coverage for the accident, but each policy contained an "Other Insurance" clause which provided that the carrier's coverage would be excess insurance over any other valid and collectible insurance. *Id.* at 558, 147 *A.*2d 529. Our Supreme Court observed that:

> If literal effect were given to both clauses the result would be that neither policy covered the loss. Such a result would produce an unintended absurdity which neither party urges.
>
> [*Cosmopolitan, supra,* 28 *N.J.* at 559, 147 *A.*2d 529].

The Court further said:

> [I]n the present case the two policies appear to us to be equally specific. Each would furnish coverage if the other did not exist. The Continental policy insured the specific truck involved in the accident. On the other hand, the Cosmopolitan policy specifically insured Essex County News Company which was responsible for the accident under the doctrine of *respondeat superior.*
>
> [*Id.* at 560, 147 *A.*2d 529].

In conclusion, the Court held:

> As applied to the facts of the present case, both policies provide that they shall be "excess" insurance. However, it is obvious that there can be no "excess" insurance in the absence of "primary" insurance. Since neither policy by its terms is a policy of "primary" insurance, neither can operate as a policy of "excess" insurance. The excess insurance provisions are mutually repugnant, and as against each other are impossible of accomplishment. Each provision becomes inoperative in the same manner that such a provision is inoperative if there is no other insurance available. Therefore, the general coverage of each policy applies and each company is obligated to share in the cost of the settlement and expenses. We think that such a conclusion affords the only rational solution of the present dispute.
>
> ...
>
> We ... conclude that as both companies stand on an equal footing equity requires an equal apportionment of the amount of the settlement and expenses.
>
> [*Id.* at 562, 564, 147 *A.*2d 529].

Other jurisdictions have reached the same conclusion found in *Cosmopolitan;* holding that, where the excess coverage provisions of two policies are mutually repugnant, they are to be disregarded. The carriers are therefore held to stand on an equal footing, with

each sharing the payment of liability equally until the limit of the smaller policy is exhausted. *See e.g., York Mut. Ins. Co. v. Continental Ins. Co.,* 560 *A.*2d 571 (Me.1989); *Beattie v. American Auto. Ins. Co.,* 338 *Mass.* 526, 156 *N.E.*2d 49 (1959); *Arditi v. Massachusetts Bonding & Ins. Co.,* 315 *S.W.*2d 736 (Mo.1958).

However, where the "Other Insurance" clause of each policy contains a *pro rata* provision stipulating that each shall bear a proportion of the loss to the extent of the applicable insurance, then the policies are not considered to be mutually repugnant and each carrier must bear its respective proportionate share of the loss. Such is the result reached in *Selected Risks Ins. Co. v. Nationwide Mutl. Ins. Co.,* 133 *N.J.Super.* 205, 212, 336 *A.*2d 24 (App.Div.1975), and in other jurisdictions. *See e.g., Transport Ins. Co. v. Employers Cas. Co.,* 434 *S.W.*2d 704 (Tex.Civ.App.1968), *aff'd,* 444 *S.W.*2d 606 (Tex.1969); *Clow v. National Indemn. Co.,* 54 *Wash.*2d 198, 339 *P.*2d 82 (1959); *Celina Mut. Cas. Co. of Ohio v. Citizens Cas. Co. of N.Y.,* 194 *Md.* 236, 71 *A.*2d 20 (1950).

The facts in *Cosmopolitan* differ from those presented in this case in that the policies here do not each contain excess coverage provisions within their "Other Insurance" clauses which would literally tend to cancel out one policy in favor of the other. Nor does each "Other Insurance" clause contain a *pro rata* method of payment for the claim. *See Cosmopolitan, supra,* 28 *N.J.* at 558, 147 *A.*2d 529. There is a clear difference in the wording of the policies. As we have indicated, plaintiff's policy contains no express language limiting its share of liability where other insurance covers the same claim. Plaintiff's policy states, without more, that it shall be "primary." On the other hand, defendant's policy states that, where there is other applicable insurance, defendant will pay only that share which equals the proportion its policy bears to the total of all applicable limits. The decision in *Cosmopolitan* did not address this issue.

In the absence of controlling precedent, we are constrained to adhere to the specific language of the policies, which will be given its ordinary meaning. *Longobardi v. Chubb Ins. Co. of N.J.,* 121

*N.J.* 530, 537, 582 *A.*2d 1257 (1990). Each policy must be enforced as written. *Ibid.* The applicable rule is stated in *Couch on Insurance* as follows:

> ... [t]he liability of insurers under overlapping coverage policies is to be governed by the intent of the insurers as manifested by the terms of the policies which they have issued. Thus, it has been said that where two or more liability policies overlap and cover the same risk and the same accident, the respective liabilities of the insurers must rest upon a construction of the language employed by the respective insurers[.]
>
> [16 *Couch on Ins.* § 62.44 (2d Rev. Ed.1983).]

We find no ambiguity in the respective language employed in the policies and, of course, we cannot make a better contract for either party than they themselves have made. *Royal Ins. Co., supra,* 271 *N.J.Super.* at 416, 638 *A.*2d 924 (quoting *Flynn v. Hartford Fire Ins. Co.,* 146 *N.J.Super.* 484, 488, 370 *A.*2d 61 (App.Div.), *certif. denied,* 75 *N.J.* 5, 379 *A.*2d 236 (1977), and citing *Kampf v. Franklin Life Ins. Co.,* 33 *N.J.* 36, 161 *A.*2d 717 (1960); *Kook v. American Sur. Co. of N.Y.,* 88 *N.J.Super.* 43, 210 *A.*2d 633 (1965)).

The language of the policies is not mutually repugnant, as in *Cosmopolitan,* so that the excess coverage clause of each would cancel out the other and neither would apply to the claim. In order to prevent an unintended absurdity, our Court in *Cosmopolitan* arrived at an equitable result, requiring each carrier to bear the loss in equal proportion. But here, plaintiff has contractually bound itself to afford primary coverage with no condition attached, whereas defendant has also bound itself to afford primary coverage, but with the condition that its liability be prorated. Clearly, both policies may be enforced as written without diminishing the coverage due the injured claimant. Defendant, by virtue of its *pro rata* proviso, has agreed to be responsible for a proportion amounting to twenty-three percent of the claim, up to the limit of its policy. Plaintiff did not insert such a condition into its "Other Insurance Clause." It does no violence to the language of plaintiff's policy to find plaintiff responsible for the balance of the claim less defendant's *pro rata* share, because plaintiff's policy does not provide otherwise. In its policy, defendant specifically refused

consent to the equal apportionment urged by plaintiff. Consequently, the "Other Insurance" clauses of both policies may be given effect.

For the reasons expressed, the order for judgment entered on March 21, 1997, is affirmed substantially for the reasons expressed by Judge Menza in his oral opinion of the same date.