[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-15377
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 17, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61880-CV-FAM

FIREMAN'S FUND INSURANCE COMPANY,


                                    Plaintiff-Counter-Defendant-Appellant,

                         versus

DELORES KETTLEMAN,


                                    Defendant-Counter-Claimant-Appellee,

DONALD SOULIER,
individually and as the personal representative of
the Estate of Cindy Soulier,

                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____
**(September 17, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Fireman's Fund Insurance Company ("Fireman's Fund") appeals the denial of its motion for summary judgment and the grant of summary judgment in favor of Delores Kettleman, Donald Soulier, and Donald Soulier as the personal representative of the estate of Cindy Soulier. We affirm the district court's judgment.

## BACKGROUND

On July 3, 2005, Kettleman, driving her brother's Honda Accord with permission, caused an automobile accident that injured Mr. Soulier and caused Mrs. Soulier's death. Mr. Soulier sought to recover damages from Kettleman on his own behalf for the injuries he suffered, and on behalf of his deceased wife's estate. Kettleman's brother, Dennis Cirone, held an automobile insurance policy for the Accord from Liberty Mutual Insurance Company ("Liberty Mutual"). Additionally, Cirone and his wife held an excess insurance policy from Fireman's Fund.

The Fireman's Fund policy expressly provided for coverage of automobile accidents involving an automobile covered both under the Fireman's Fund policy and under "a personal automobile policy that qualifies as required underlying

2

insurance." Here, the Liberty Mutual policy was the Cirones' required underlying insurance. Fireman's Fund advised Kettleman, however, that it would neither cover nor defend her under its policy. Fireman's Fund then filed a declaratory judgment action, naming Kettleman and Soulier as defendants, and all three parties moved for summary judgment.

The Fireman's Fund policy declares that it will "follow form" of the required underlying insurance. According to the Fireman's Fund policy, "follow form" means that Fireman's Fund "will use the definitions, coverages, exclusions, conditions, and other provisions of applicable required underlying insurance . . . to determine coverage under this policy." The parties agree that Kettleman was an "insured" under the Liberty Mutual policy. The issue in the district court was whether the "follow form" provision in the Fireman's Fund policy required the use of the definition of "insured" in the Liberty Mutual policy or that in the Fireman's Fund policy. The district court ruled that the Fireman's Fund policy language unambiguously required that Fireman's Fund use the definition of "insured" provided in the Liberty Mutual policy. Consequently, the court denied Fireman's Fund's motion for summary judgment, granted the motions of Kettleman and Soulier, and entered a final judgment pursuant to those orders.

## STANDARD OF REVIEW

We review a grant or denial of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Elan Pharm. Research Corp. v. Employers Ins. of Wasau*, 144 F.3d 1372, 1375 (11th Cir. 1998) (citing Fed. R. Civ. P. 56(c)).

## DISCUSSION

The parties disagree as to the proper interpretation of the Fireman's Fund policy. Kettleman and Soulier argue that the "follow form" provision in the Fireman's Fund policy requires that Fireman's Fund provide coverage for the accident because Kettleman was an "insured" under the Liberty Mutual policy. Fireman's Fund argues that the "follow form" provision in its policy did not extend to the definition of "insured." Instead, it argues, Kettleman, as a claimant under the Fireman's Fund policy, had to satisfy the definition of "insured" under that policy as a threshold matter before coverage under the policy could be triggered. The district court held that the unambiguous policy language supported the view of Kettleman and Soulier. We agree.

The parties agree that New Jersey law applies to their dispute. The district

4

court properly recognized that it must resolve insurance contract disputes according to the language of the policy. If the express language of a policy is unambiguous, the "court is bound to enforce the policy as written." *Royal Ins. Co. v. Rutgers Cas. Ins. Co.*, 638 A.2d 924, 927 (N.J. Super. Ct. App. Div. 1994). Moreover, under a "follow form" policy provision, "the parties agree that the coverage issues presented turn solely on the interpretation of the underlying polic[y]." *Houbigant, Inc. v. Fed. Ins. Co.*, 374 F.3d 192, 203 (3d Cir. 2004) (applying New Jersey law) (quoting *Piper Jaffray Co., Inc. v. Nat'l Union Fire Ins. Co.*, 967 F.Supp. 1148, 1151 (D.Minn. 1997).

When, as here, an accident occurs involving an automobile covered by both a required underlying automobile insurance policy and the Fireman's Fund policy, the unambiguous language of the Fireman's Fund policy requires that the definition of "insured" in the underlying policy apply. The Fireman's Fund policy expressly states that, in following form, it will "use the definitions" of an underlying policy in such a case. Nowhere in its policy does Fireman's Fund exclude the definition of "insured" from its "follow form" requirements. Thus, the Fireman's Fund policy required that Fireman's Fund determine coverage under the policy here using the Liberty Mutual policy's definition of "insured." Because Kettleman was an "insured" under the Liberty Mutual policy's definition, Fireman's Fund was bound under its policy to cover Kettleman.

5

## CONCLUSION

Accordingly, we affirm the district court's grant of summary judgment in favor of Kettleman and Soulier and its denial of Fireman's Fund's motion for summary judgment.

**AFFIRMED.**