689 A.2d 728

SHERI FRANKEL, PLAINTIFF–RESPONDENT, v. MOTOR CLUB OF AMERICA INSURANCE COMPANY, DEFENDANT–APPELLANT, AND HARLEYSVILLE INSURANCE COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 16, 1996—Decided October 11, 1996.

Before Judges BROCHIN and EICHEN.

*Moss, Powers & Posternock,* attorneys for appellant (*William R. Powers, Jr.,* on the brief).

*Samuel Merovitz & Associates,* attorneys for respondent Sheri Frankel (*Janet Law,* on the brief).

*Marshall, Dennehey, Warner, Coleman & Goggin,* attorneys for respondent Harleysville Insurance Company (*Lawrence B. Berg* and *Louise Ann Watson,* on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

While plaintiff Sheri Frankel was riding as a passenger in an automobile owned and driven by Albert DiBattista, she was injured as the result of its collision with another motor vehicle. She settled her claim against the driver of the other motor vehicle for the $15,000 limit of his liability policy. However, she valued her injuries at a figure greater than $15,000, and she therefore sought indemnity pursuant to the underinsured motorist coverage of the automobile insurance policy covering an automobile which she owned and of the policy covering Mr. DiBattista's automobile.

Ms. Frankel's automobile was insured by defendant Motor Club of America. Her automobile insurance policy on that automobile included $50,000 underinsured motorist coverage. Mr. DiBattista's automobile was insured by defendant Harleysville Insurance Company under a policy that included $100,000 of underinsured motorist coverage.

Pursuant to the arbitration provisions of both policies, Ms. Frankel demanded that both insurers arbitrate the amount of her damages. Both declined, each insisting that the other's policy afforded the primary coverage, and Ms. Frankel commenced a declaratory judgment action against them. On plaintiff's order to show cause, the Law Division (Hon. M. Allan Vogelson, J.S.C.) ruled that by virtue of *Aubrey v. Harleysville Insurance Companies*, 140 *N.J.* 397, 658 *A.2d* 1246 (1995), Ms. Frankel was entitled to resort only to the underinsured motorist coverage which she had purchased from her own carrier, Motor Club of America.

Motor Club of America has appealed. It points out, as it did to the Law Division, that the language of both policies extends underinsured motorist coverage to the named insured, to any "family member," and to anyone "occupying" the covered automobile. It also notes that each of the policies also contains an "Other

Insurance" clause which states, "Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance." Motor Club of America argues that since Harleysville's insured, Mr. DiBattista, and not Ms. Frankel, owns the vehicle in which she was a passenger when she was injured, the effect of the "Other Insurance" clause of each policy is to make the Harleysville coverage primary and the Motor Club of America coverage secondary. Motor Club of America contends that our decision in *Royal Insurance Co. v. Rutgers Casualty Insurance Co.*, 271 *N.J.Super.* 409, 638 *A.*2d 924 (App.Div.1994) requires that result and that that case has not been overruled by the Supreme Court's decision in *Aubrey v. Harleysville Insurance Companies, supra.*

The plaintiff in *Aubrey* signed a contract to purchase a new automobile from a dealer to whom she traded her old car. While she was awaiting approval of financing, the dealer retained title to the new car, but allowed Aubrey to drive it. While she was driving it under this arrangement, it was involved in an automobile accident with two other vehicles and she sustained serious injuries. She settled with the other drivers by accepting their policy limits, totaling $40,000, but her damages exceeded that amount. The automobile insurance policy covering her old car, which was still in her name, provided liability coverage of up to $15,000 per person, but not more than $30,000 for one accident, and underinsured motorist coverage of $15,000. Consequently, she could not recover underinsured motorist benefits under that policy because she had received damages in excess of her liability coverage. The dealer's automobile policy, which covered Aubrey's new car, was issued by The Harleysville Insurance Companies. The dealer's policy had liability limits of $1,000,000, so Aubrey asserted a claim for underinsured motorist benefits under that policy. The Law Division rejected her claim. This court reversed, but the Supreme Court reinstated the Law Division judgment.

The holding of the Supreme Court's *Aubrey* opinion that the plaintiff in that case was not entitled to underinsured motorist

coverage under the dealership policy is based on two grounds. The Court states the first ground as follows:

> [W]e conclude that UIM coverage, which is limited to the amount contained in the insured's policy, is "personal" to the insured. Coverage is linked to the injured person, not the covered vehicle....
>
> .... The right to recover UIM benefits depends on the UIM limits chosen by the insured. Recovery does not depend on the limits of other UIM policies, such as ... [the dealership's] policy in the instant case. *See Harden v. Monroe Guaranty Ins. Co.*, 626 N.E.2d 814, 818 (Ind.Ct.App.1993) (holding that prospective buyer of used car could not recover under dealer's UIM endorsement because UIM insurance is not for protection of vehicles, but of persons).
>
> [*Aubrey, supra*, 140 N.J. at 403, 405, 658 A.2d 1246.]

The second holding is based on the Court's interpretation of the "step-down" clause of the dealership's policy. That policy afforded liability coverage of $1,000,000 to the dealership and its employees, but the liability coverage which it extended to customers of the dealership was limited to the minimum required by law. In New Jersey, that is $15,000 for one person and $30,000 for one accident. Furthermore, as previously mentioned, Aubrey had a liability policy of her own in the minimum amount mandated by statute, and the dealership policy provided that liability insurance would be available to a customer only if he or she lacked the liability insurance required by law. The parity provision of *N.J.S.A.* 17:28–1.1b provides that an insured's underinsurance motorist coverage "shall not exceed the insured's motor vehicle liability policy limits...." Because Aubrey had the legally mandated $15,000/$30,000 liability coverage, she could not rely on the $1,000,000 liability limit of the dealership's insurance policy as a basis for claiming benefits under its underinsured motorist coverage.

The Court chose to base its decision on the first ground as well as the second in order to establish that "[t]he right to recover UIM benefits depends on the UIM limits chosen by the insured." *Aubrey, supra*, 140 N.J. at 405, 658 A.2d 1246. The import of this holding is, as we pointed out in *Taylor v. National Union Fire Insurance Co.*, 289 N.J.Super. 593, 674 A.2d 634 (App.Div.), *certif. denied*, 145 N.J. 376, 678 A.2d 716 (1996),

[I]f the claimant is not a basic insured under the policy, she cannot be entitled to recourse to the UIM coverage of that policy.

We read *Aubrey* as standing for the principle that if a person is injured while fortuitously using or occupying a vehicle covered by a policy under which the person is not a named insured, that person's UIM recourse is defined by his "own" policy and not by the policy covering the fortuitously occupied vehicle or, indeed, any other policy.

[289 *N.J.Super.* at 598–99, 674 *A.*2d 634.]

We conclude that Judge Vogelson was correct in holding that *Aubrey* limits Ms. Frankel's recourse to the underinsured motorist coverage afforded her by her Motor Club of America policy and that that insurer is liable to indemnify her under the terms of the underinsured motorist insurance provisions of her policy. If *Royal Insurance Co. v. Rutgers Casualty Insurance Co.*, 271 *N.J.Super.* 409, 638 *A.*2d 924 (App.Div.1994), holds to the contrary, it was overruled *sub silentio* by *Aubrey*. But *cf. American Reliance Insurance Co. v. The American Casualty Company of Reading, PA.*, 294 *N.J.Super.* 238, 683 *A.*2d 205 (App.Div.1996).

The judgment appealed from is therefore affirmed.