686 A.2d 352

AETNA CASUALTY & SURETY COMPANY, PLAINTIFF–RESPON-DENT, v. PRUDENTIAL PROPERTY AND CASUALTY INSUR-ANCE COMPANY OF NEW JERSEY, DEFENDANT–APPEL-LANT, AND JOHN PROFFITT, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted November 13, 1996—Decided December 20, 1996.

Before Judges MUIR, Jr., KLEINER, and COBURN.

Law Offices of *Robert A. Auerbach,* attorneys for appellant (*Randi S. Greenberg,* of counsel and on the brief).

*Harwood Lloyd,* attorneys for respondent (*James X. Sattely, Jr.,* on the brief).

The opinion of the court was delivered by

KLEINER, J.A.D.

John Proffitt is the named insured under an automobile liability insurance policy issued by defendant, Prudential Property and Casualty Insurance Company of New Jersey. Proffitt's Prudential policy provides $100,000 in underinsured motorist (UIM) coverage. On April 22, 1993, Proffitt, while operating a vehicle

owned by One Stop Auto Center (One Stop), was involved in a collision with a motor vehicle owned and operated by Bonnie Jeffers. One Stop was insured under a garage owner's liability insurance policy issued by plaintiff Aetna Casualty & Surety Company providing $500,000 in UIM coverage. Jeffers was insured under an automobile liability insurance policy issued by Lions Insurance Company (Lions), which provided $15,000 per person/$30,000 per accident insurance coverage. Two other individuals were also injured in the collision. Lions determined that Jeffers was the culpable tortfeasor and tendered its entire policy coverage, $30,000, to settle the claims of the three injured parties. Proffitt received $10,000.[1] The remaining $20,000 was divided between the other injured claimants.

Proffitt informed both Prudential and Aetna that he intended to pursue a claim for UIM benefits. Although the record on appeal is meager, it appears uncontroverted that Proffitt was not an employee of One Stop. The vehicle owned by One Stop had been entrusted to Proffitt by a One Stop employee for the sole purpose of performing a personal favor for the employee. The record on appeal does not reflect whether the "favor" was for the benefit of One Stop in any way.

After Proffitt asserted a claim for UIM coverage benefits against both Aetna and Prudential, Aetna filed a petition seeking a judicial declaration that Prudential was solely responsible for providing UIM coverage. Prudential filed its answer claiming that it had no responsibility to provide underinsurance benefits because Aetna, the insurer of the "host vehicle," was primarily responsible to Proffitt. Each party filed a motion for summary judgment. The motion judge, following *Aubrey v. Harleysville Insurance Co.*, 140 *N.J.* 397, 658 *A.*2d 1246 (1995), concluded that

---

[1] There is no suggestion in the record that Proffitt did not comply with the settlement procedures discussed in *Longworth v. Van Houten*, 223 *N.J.Super.* 174, 538 *A.*2d 414 (App.Div.1988), and subsequently adopted by the Supreme Court in *Rutgers Casualty Insurance Co. v. Vassas*, 139 *N.J.* 163, 171–75, 652 *A.*2d 162 (1995).

Prudential, as Proffitt's insurer, was responsible for any UIM payment.

On appeal, Prudential contends that the policy language in each policy of insurance, when construed together, warrants a contrary conclusion.

Prudential's appeal was filed prior to the reported decision by another panel of this court, *American Reliance Insurance Co. v. American Casualty Co.*, 294 *N.J.Super.* 238, 683 *A.*2d 205 (App. Div.1996). In *American Reliance*, the court relied on our prior decision in *Royal Insurance Co. v. Rutgers Casualty Insurance Co.*, 271 *N.J.Super.* 409, 418–19, 638 *A.*2d 924 (App.Div.1994), in which we held that any question as to the primacy of two policies providing UIM coverage for an accident is to be determined by the terms of the policies.

In *American Reliance*, an employee, Ordemann, who had her own liability insurance policy with American Reliance Insurance Company, was operating her employers' van while in the course of her employment. The van was insured by American Casualty Company. The issue on appeal focused on which insurance policy provided primary coverage. American Casualty stipulated that Ordemann was covered under the terms of its liability policy, which provided UIM benefits.

The court in *American Reliance* reasoned:

Unlike *Aubrey*, the circumstances here involve multiple policies that provide UIM coverage because Ordemann qualifies as an ... underinsured under those policies. It is the terms of those policies, therefore, that govern. *Prudential Property & Casualty Ins. Co. v. Travelers Ins. Co.*, 264 *N.J.Super.* 251, 260, 624 *A.*2d 600 (App.Div.1993) ("the manner in which multiple policies providing UIM coverage are to be applied in a given circumstance requires the parties to turn to the provisions of the respective policies rather than the statute."). *See Royal Ins. Co. v. Rutgers Cas. Ins. Co.*, 271 *N.J.Super.* 409, 638 *A.*2d 924 (App.Div.1994); *Universal Underwriters Ins. Co. v. Atlantic Employers Ins. Co.*, 259 *N.J.Super.* 74, 611 *A.*2d 165 (Law Div.1992).

[*American Reliance, supra,* 294 *N.J.Super.* at 240, 683 *A.*2d 205.]

The court in *American Reliance* did not specifically explain why the injured employee Ordemann was not limited to recover UIM

benefits from her own insurance carrier, which would appear to be the result dictated by *Aubrey*, which concluded, in part:

[W]e conclude that UIM coverage, which is limited to the amount contained in the insured's policy, is "personal" to the insured. Coverage is linked to the injured person, not the covered vehicle. UIM coverage provides "as much coverage as the insured is willing to purchase, for his or her protection subject only to the owner's policy liability limits for personal injury and property damages to others."

[*Id.* at 403, 658 *A*.2d 1246 (citations omitted).]

The issue presented to the court in *American Reliance* was not the extent of UIM coverage available to the claimant but which of two policies of insurance would be responsible for payment. We presume that under *Aubrey*, Ordemann's recovery would be limited to the coverage amount designated in her own policy. The carrier responsible for the payment of that coverage, however, would be determined by construing the terms of the available policies providing UIM coverage.

Such a result seems consistent with our decision in *Prudential Property & Casualty Insurance Co. v. Travelers Insurance Co.,* 264 *N.J.Super.* 251, 624 *A*.2d 600 (App.Div.1993), cited with approval in *Aubrey, supra,* 140 *N.J.* at 403, 658 *A*.2d 1246. In *Prudential*, the injured claimant, Chris Tucci, was a police officer in the Borough of Roselle Park (Borough). Tucci was an insured under a personal insurance policy, which contained a UIM endorsement providing coverage in the amount of $100,000. The Borough police vehicle was insured with a UIM endorsement, which provided coverage in the amount of $1,000,000. Tucci was injured when the Borough police vehicle that he was operating collided with a culpable driver, Andrzej Ratkiewicz. Ratkiewicz's liability indemnity policy was in the amount of $15,000 per person/$30,000 per accident.

In discussing the primacy of personal UIM coverage, we stated:

The expectation of an insured, such as Tucci, who purchases a policy of insurance containing UIM coverage is that he is buying such protection up to the declared limits "primarily for himself" *and anyone else who is insured on the same basis under the policy.* Any other policy of insurance which affords him coverage necessarily does so on the basis of his status as a third party beneficiary of the contract of insurance between the insurer and the purchaser of the policy.

[*Id.* at 260, 624 *A*.2d 600 (citations omitted) (emphasis added).]

We note that in *Prudential,* Tucci's claim was submitted to a three member arbitration panel, which awarded Tucci $75,000. *Id.* at 254, 624 *A.*2d 600. "The gross award was reduced by 25% representing Tucci's contributory negligence and by another $15,-000, representing the amount paid Tucci by Hanover. Thus, the net award to Tucci was $41,250." *Ibid.* Although Tucci was underinsured under his own policy when compared to the policy of the tortfeasor and was also underinsured under the terms of his employer's insurance policy, Tucci's net recovery did not exceed the UIM coverage provided by his own policy. There was no reason to reach any conclusion as to whether Tucci would be entitled to benefit from coverage available under the terms of his employer's policy.

The unstated reasoning in *American Reliance* is perhaps best explained in our recent decision in *Cook–Sauvageau v. PMA Group,* 295 *N.J.Super.* 620, 685 *A.*2d 978 (App.Div.1996), in which we conclude that "an employee who is injured while operating an employer's motor vehicle during the course of employment is entitled to the UIM coverage provided the employee under the plain language of the standard business automobile policy." *Id.* at 622, 685 *A.*2d 978.

We need not parse the language of each insurance policy in this dispute because we agree with the motion judge that Proffitt is only entitled to recover UIM coverage from his own insurance carrier, Prudential. That conclusion is mandated by *Aubrey,* but it is perhaps best explained by our decision in *Taylor v. National Union Fire Insurance Co.,* 289 *N.J.Super.* 593, 674 *A.*2d 634 (App.Div.), *certif. denied,* 145 *N.J.* 376, 678 *A.*2d 716 (1996). In *Taylor,* an employee, injured while operating an automobile owned and insured by his employer but provided to him for his personal use as part of his compensation package, was entitled to the UIM benefits provided under his employer's insurance policy. Of particular importance was the fact that "[h]e was a *specifically named insured* for that specific car." *Id.* at 599, 674 *A.*2d 634

(emphasis added). We reached this conclusion even though the employee also maintained a personal automobile policy that provided coverage for two family automobiles. In reaching that result, we were required to distinguish *Aubrey*. We noted:

> We read *Aubrey* as standing for the principle that if a person is injured while fortuitously using or occupying a vehicle covered by a policy under which the person is not a named insured, that person's UIM recourse is defined by his "own" policy and not by the policy covering the fortuitously occupied vehicle or, indeed, any other policy. That principle is certainly consistent with the Court's disapproval in *Aubrey* of this court's holding in *Landi v. Gray*, 228 *N.J.Super.* 619, 550 *A.*2d 768 (App.Div.1988).
>
> [*Taylor, supra*, 289 *N.J.Super.* at 599, 674 *A.*2d 634 (citation omitted).]

The common thread in *Taylor, American Reliance*, and *Cook–Sauvageau* is that in each case the injured claimant was operating an employer's vehicle with perhaps a more expansive expectation as to insurance coverage. *See Werner Indus., Inc. v. First State Ins. Co.*, 112 *N.J.* 30, 35, 548 *A.*2d 188 (1988). In neither case was the use of the employer's vehicle merely fortuitous.

Here, Proffitt borrowed a friend's employer's vehicle to perform a favor for the friend. Although Proffitt's friend as an employee might have had an expectation that he was covered under his employer's policy, that expectation of coverage certainly cannot be imputed to Proffitt. Proffitt's use of the vehicle, insured by Aetna, was fleeting in time and purely fortuitous. Proffitt was also not a named insured under the Aetna policy.

In *Prudential, supra*, we noted, in discussing the differences between UM coverage and UIM coverage, that:

> [A]lthough the Legislature was aware that "multiple policies" might provide UIM coverage, [*N.J.S.A.* 17:28–1.1(c) ], it specifically provided that to determine whether a motor vehicle was underinsured, the limits of liability for that vehicle should be compared against the UIM limits of the motor vehicle insurance policy "held by the person seeking that recovery," rather than with respect to the limits of any other policies that may apply to the benefit of the claimant. *See, N.J.S.A.* 17:28–1.1(e).
>
> [264 *N.J.Super.* at 259, 624 *A.*2d 600.]

Following *Aubrey*, Proffitt's expectation of insurance coverage must be deemed to be limited to the UIM coverage that he purchased from Prudential. *Aubrey* specifically concluded that:

Limiting UIM coverage to the amount chosen by the insured comports with the insured's reasonable expectations. Under *N.J.S.A.* 17:28–1.1b, UIM coverage is discretionary, not mandatory. The statute merely requires that UIM coverage "shall be provided as an option. . . ." Consequently, a "purchaser would reasonably and objectively expect that he is buying such protection up to the declared limits primarily for himself and his resident spouse."

[140 *N.J.* at 404, 658 *A.*2d 1246 (citations omitted).]

There is no logical basis under the facts of this case to distinguish *Aubrey.* We conclude that the motion judge correctly decided the questions posed in the declaratory judgment motion. Since Proffitt's right to recover UIM benefits is limited by the terms of his own insurance coverage, we are not faced with the primacy issue presented to the court in *American Reliance.*

Affirmed.