691 A.2d 396

JOHN DI CIURCIO, PLAINTIFF–RESPONDENT, v. LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT–APPELLANT, AND ALLSTATE INSURANCE COMPANY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 20, 1997—Decided April 4, 1997.

Before Judges KING, KEEFE and CONLEY.

*Sue Ellen Johnson,* attorney for appellant Liberty Mutual Insurance Company (*Donna K. Silverman,* on the brief).

*Green Lundgren & Ryan,* attorneys for respondent Allstate Insurance Company. (*Francis X. Ryan,* on the brief).

*William Di Ciurcio,* attorney for respondent John DiCiurcio, joined in the brief of Allstate Insurance Company.

The opinion of the court was delivered by

KEEFE, J.A.D.

Defendant Liberty Mutual Insurance Company (Liberty) appeals from a Law Division judgment in which Judge Greene held that Liberty provided primary underinsured motorist (UIM) coverage to plaintiff John Di Ciurcio while defendant Allstate Insurance Company (Allstate) provided excess UIM coverage to plaintiff. On appeal, Liberty contends that the trial judge erred because his holding is contrary to the Supreme Court's decision in *Aubrey v. Harleysville Ins. Companies,* 140 *N.J.* 397, 658 *A.*2d 1246 (1995), and, alternatively, because he incorrectly interpreted the "other insurance clauses" of the two policies. We hold that Judge Greene correctly held that the Liberty policy was primary while the Allstate policy was excess.[1]

Plaintiff was a passenger in an automobile operated by David C. Elko and owned by David M. Elko, his father. The Elko vehicle was rear-ended by a vehicle operated by David T. Haar resulting in serious injuries to plaintiff.

Haar's vehicle was insured through the Market Transition Facility (MTF) with liability limits of $15,000/$30,000. Plaintiff settled his claim against Haar for $14,000. (Neither Liberty nor Allstate

---

[1] Plaintiff does not cross-appeal from that part of the judgment which limits his maximum recovery to $250,000 on his UIM claim, rather than $350,000. Therefore, we do not decide whether that part of the judgment is correct.

contends that plaintiff failed to comply with the procedures established in *Longworth v. Van Houten,* 223 *N.J.Super.* 174, 194–195, 538 *A.*2d 414 (App.Div.1988), and subsequently adopted by the Supreme Court in *Rutgers Casualty Insurance Co. v. Vassas,* 139 *N.J.* 163, 171–175, 652 *A.*2d 162 (1995)). Thereafter, plaintiff sought UIM benefits from both Allstate and Liberty. Allstate acknowledged that plaintiff qualified for UIM benefits under its policy, and also maintained that plaintiff was an insured under the Liberty UIM endorsement. However, Allstate contended that the "other insurance clauses" of both policies required Liberty to provide the primary UIM coverage while Allstate's policy afforded excess UIM insurance.

At the time of the accident, plaintiff did not own a vehicle but resided with his father who owned two vehicles insured by Allstate. The Allstate policy provides UIM limits of $250,000/$500,000 per accident. Plaintiff is an insured under that policy's UIM endorsement because he is a "family member" of the named insured.

Liberty's UIM limits are $100,000/$300,000 per accident. Plaintiff is an insured under Liberty's UIM endorsement, not because he was a "family member," but because he was a "person 'occupying' [Elko's] 'covered auto'. . . ." Liberty, nonetheless, argues in its brief that *Aubrey's* holding can lead to but one "logical conclusion"—"UIM coverage follows the person, not the automobile." Thus, Liberty contends that, despite the terms of its policy, Allstate affords the only UIM coverage for plaintiff.

As we see it, the facts of this case require a two-step approach. First, the court must determine whether a UIM claimant, such as plaintiff, qualifies for UIM benefits. Whether a claimant qualifies for benefits depends on the plaintiff's ability to satisfy the requirements of *N.J.S.A.* 17:28–1.1(e). Once it is determined that the plaintiff qualifies for UIM benefits, the second step requires a determination as to whether plaintiff is entitled to the benefits of more than one policy in light of the relevant policies' terms.

We pointed out in *American Reliance v. American Cas.*, 294 *N.J.Super.* 238, 240, 683 *A.*2d 205 (App.Div.1996), that *Aubrey* dealt only with the first question, not the second. As Justice Pollock stated at the outset of the opinion, "[t]he issue is whether plaintiff, Theresa Aubrey, a purchaser under contract of an automobile from Chris Koch Toyota (Koch), is covered under the underinsured motorist (UIM) provisions of a garage policy issued to Koch by defendant, The Harleysville Insurance Companies (Harleysville), for injuries Aubrey sustained while operating a loaned automobile with Koch's permission." *Aubrey, supra,* 140 *N.J.* at 399, 658 *A.*2d 1246. It was clear to everyone that Aubrey did not qualify for UIM benefits under the policy she purchased because "[t]he $40,000 that Aubrey received from the insurance carriers of the other drivers exceeded her $15,000 UIM limits." *Id.* at 400, 658 *A.*2d 1246.

■ The interpretive problem presented in determining a claimant's qualification for UIM benefits stems from the words of the statute. As the *Aubrey* Court noted, "the statute states that the determination whether a vehicle is underinsured requires ascertaining whether the liability policy of the person 'against whom recovery is sought' are 'less than' the amount of UIM coverage *'held by the person seeking that recovery.' "* *Id.* at 403, 658 *A.*2d 1246 (quoting *N.J.S.A.* 17:28–1.1(e)) (emphasis added). Although Aubrey was defined as an insured under the Harleysville UIM endorsement, the question was whether the coverage provided therein was "held by" her for the purpose of eligibility for benefits. *N.J.S.A.* 17:28–1.1(e). It was in the context of determining eligibility for UIM benefits that the Court concluded: "[c]overage is linked to the injured person, not the covered vehicle," *Id.* at 403, 658 *A.*2d 1246, and "[t]he right to recover UIM benefits depends on the UIM limits chosen by the insured ... [and] does not depend on the limits of other UIM policies, such as the mother's policy in *Landi* [2] or Koch's policy in the instant case." *Id.* at 405, 658 *A.*2d 1246.

[2] *Landi v. Gray,* 228 *N.J.Super.* 619, 550 *A.*2d 768 (App.Div.1988).

In contrast to the plaintiff in *Aubrey*, the UIM limits in the Allstate policy were not "chosen" by the plaintiff in this case. Rather, the plaintiff here was simply a third party beneficiary of his father's desire to provide UIM benefits for himself and members of his family. Plaintiff did not have the capability of protecting himself, inasmuch as he did not own a vehicle. Although we acknowledge that "the policy behind UIM insurance is to protect those insureds with the foresight to protect themselves," *id.* at 404, 658 *A.2d* 1246, it is not clear to us what the Supreme Court would do in terms of this first-step analysis if the Allstate policy purchased by plaintiff's father provided only $15,000/$30,000 UIM coverage, thereby making plaintiff ineligible for UIM benefits under the Allstate policy, while the terms of the Liberty policy clearly provide UIM coverage to him as an insured because he was occupying the Liberty insured vehicle as a passenger. It is one thing to construe the statute to stimulate those who purchase such insurance to do so at higher limits than the minimum. It is another thing to say that those who have no power to choose the higher limits may not recover UIM benefits even though the covered vehicle's policy provides for such claimants as third party beneficiaries of the named insured's decision to benefit not only himself and members of his family, but also passengers in the insured vehicle. Accord, *Donato v. Market Transition Facility*, 299 *N.J.Super.* 37, 690 *A.2d* 631 (App.Div.1997).

█ However, as in *American Reliance, supra,* "[t]here is no need for us to grapple with the meaning and scope of *Aubrey* ...." 294 *N.J.Super.* at 240, 683 *A.2d* 205. We assume for the purpose of this decision that the *Aubrey* preference is for the trial court to look first to a policy that insures the UIM claimant, other than the policy for the covered auto, to determine whether the claimant is eligible for UIM benefits. There is no question here that plaintiff is qualified because Haar's liability limits are less than plaintiff's father's UIM limits under the Allstate policy.

█ However, the conclusion that the Allstate policy is the one that determines plaintiff's eligibility for UIM benefits does not

also compel the conclusion that the scope of plaintiff's UIM benefits is confined to that policy. We find nothing in *Aubrey* that requires such a result. To the extent that *New Jersey Manufacturers Insurance Company v. Breen*, 297 *N.J.Super.* 503, 688 *A.*2d 647 (App.Div.1997), and *Aetna Casualty & Surety Company v. Prudential Property and Casualty Insurance Company*, 296 *N.J.Super.* 116, 686 *A.*2d 352 (App.Div.1996) conclude otherwise, we respectfully disagree. It has uniformly been accepted that, aside from the one provision contained in *N.J.S.A.* 17:28–1.1(e) concerning UIM insurance, UIM insurance is essentially a creature of contract law and should be interpreted accordingly. *Aubrey, supra,* 140 *N.J.* at 404, 658 *A.*2d 1246.

Had the *Aubrey* Court intended to change third party beneficiary law in the context of the rather narrow issue announced by the Court at the outset of its opinion, we would expect that the Court would have done so in its usual direct fashion rather than have us read between the lines. Indeed, by citing with apparent approval this court's decision in *Prudential v. Travelers,* 264 *N.J.Super.* 251, 624 *A.*2d 600 (App.Div.1993), we believe the Court was aware that we had recognized the possibility that more than one policy might afford UIM benefits to a claimant once it was determined that the claimant qualified for benefits under his "personal" policy. *Aubrey, supra,* 140 *N.J.* at 403, 658 *A.*2d 1246. In *Prudential,* once we determined that claimant Tucci qualified for UIM benefits by reference to the automobile insurance that he purchased from Prudential we said:

> Any other policy of insurance which affords him coverage necessarily does so on the basis of his status as a third party beneficiary of the contract of insurance between the insurer and the purchaser of the policy. . . .

> Thus, in our view, the manner in which multiple policies providing UIM coverage are to be applied in a given circumstance requires the parties to turn to the provisions of the respective policies rather than the statute.

> [*Prudential, supra,* 264 *N.J.Super.* at 260, 624 *A.*2d 600].

"As to the issue of whether such coverage is primary, co-primary, or excess, we look to the terms of each policy." *American Reliance, supra,* 294 *N.J.Super.* at 240, 683 *A.*2d 205.

■ Thus, we look to the terms of the respective policies. Allstate's other insurance clause provides:

> If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

> However, any insurance we provide with respect to a vehicle you do not own, . . ., shall be excess over any other collectible insurance.

Liberty's other insurance clause provides:

> If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

■ Liberty contends in its brief that these clauses when read together result in "two concurrent excess policies." We disagree. The word "you" in the Liberty policy does not refer to plaintiff, as Liberty suggests. Rather, the definition section of the policy provides that "[t]hroughout this policy, 'you' and 'your' refer to: 1. The 'named insured' shown in the Declarations; and 2. The spouse if a resident of the same household." Liberty is not providing UIM insurance to a vehicle its named insured does not own. It is providing UIM coverage for a vehicle its named insured owns. Thus, the Liberty policy is not excess: it is primary as the trial court concluded. These Allstate and Liberty other insurance clauses are indistinguishable from the clauses we interpreted in *American Reliance, supra,* 294 *N.J.Super.* at 240, 683 *A.2d* 205, and *Royal Ins. Co. v. Rutgers Cas.,* 271 *N.J.Super.* 409, 415–417, 638 *A.2d* 924 (App.Div.1994), which came to the same result.

Affirmed.