695 A.2d 341

RAYMOND MAIMONE, PLAINTIFF–RESPONDENT, v. LIBERTY
MUTUAL INSURANCE COMPANY, DEFENDANT/THIRD–PAR-
TY PLAINTIFF–RESPONDENT, v. IFA INSURANCE COMPA-
NY, THIRD–PARTY DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1997—Decided June 24, 1997.

Before PETRELLA and KIMMELMAN, JJ.

*Paul T. Fader* argued the cause for appellant (*Connell, Foley & Geiser, LLP*, attorneys; *Richard D. Catenacci*, of counsel; *Mr. Fader*, on the brief).

*Brian R. Martinotti* argued the cause for respondent Raymond Maimone (*Beattie Padovano*, attorneys; *Mr. Martinotti*, on the brief).

*Walter F. Skrod* argued the cause for respondent Liberty Mutual Insurance Company.

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

This appeal involves a dispute between two insurance carriers as to which of the two is responsible as the primary carrier and which is responsible as the excess carrier with respect to underinsured motorist (UIM) benefits for injuries suffered by plaintiff.

While driving a non-owned vehicle (host vehicle) with the consent of the owner, plaintiff was involved in a collision and sustained personal injuries. The tortfeasor had minimal coverage and, pursuant to *Longworth* [1] approval, plaintiff settled his claim against the tortfeasor for the maximum amount available. The owner of the host vehicle was insured by defendant/third-party plaintiff Liberty Mutual Insurance Company (Liberty Mutual) with UIM coverage of $100,000. Third-party defendant IFA Insurance Company (IFA) insured plaintiff's personal vehicle with UIM coverage of $250,000 per person/$500,000 per accident.

Plaintiff filed an action against Liberty Mutual seeking to declare it the carrier primarily responsible for UIM benefits and to compel UIM arbitration. Liberty Mutual answered and filed a third-party complaint against IFA. Liberty Mutual then moved for summary judgment relying upon *Aubrey v. Harleysville Ins. Cos.*, 140 *N.J.* 397, 658 *A.2d* 1246 (1995), for the proposition that IFA, as plaintiff's personal carrier, was responsible to pay his UIM benefits. IFA cross-moved for summary judgment contending that the "Other Insurance" provision of its policy renders Liberty Mutual's UIM coverage primary and IFA's UIM coverage excess. The trial judge granted Liberty Mutual's motion holding that IFA was the primary UIM carrier.

---

[1] *Longworth v. Van Houten,* 223 *N.J.Super.* 174, 538 *A.2d* 414 (App.Div.1988).

■ IFA appeals contending that *American Reliance Ins. Co. v. The American Cas. Co. of Reading*, 294 *N.J.Super.* 238, 683 *A.*2d 205 (App.Div.1996), and *Royal Ins. Co. v. Rutgers Cas. Ins. Co.*, 271 *N.J.Super.* 409, 638 *A.*2d 924 (App.Div.1994), provide for the enforceability of "Other Insurance" clauses in insurance contracts. We reverse and hold that Liberty Mutual is primarily liable.

At the outset we note, as counsel have pointed out, that there are conflicting decisions rendered by different panels of this court with respect to the same or similar issues as here presented.

In *Frankel v. Motor Club of America Ins. Co.*, 298 *N.J.Super.* 250, 689 *A.*2d 728 (App.Div.1996), the injured plaintiff was a passenger in the insured vehicle rather than the driver of a host vehicle as here. In *Frankel*, the injured plaintiff's personal insurer was Motor Club and her policy carried UIM coverage of $50,000. The vehicle in which she was a passenger was covered by a $100,000 UIM coverage policy issued by Harleysville Insurance Company. Primary coverage was denied by each. The Law Division ruled that the injured plaintiff was entitled to resort only to the Motor Club UIM coverage which she had purchased for herself. Motor Club appealed contending that the "Other Insurance" provision of its policy mandated that Harleysville be deemed the carrier primarily responsible for UIM coverage for plaintiff and placed reliance upon our pre-*Aubrey* decision in *Royal Insurance Co. v. Rutgers Casualty Insurance Co.*, 271 *N.J.Super.* 409, 638 *A.*2d 924 (App.Div.1994).

In *Royal*, the injured claimants' personal insurance policy with Royal contained an "Other Insurance" provision as follows:

> For any covered **auto you** *own* this policy provides *primary insurance*. For any covered **auto you** *don't own*, the insurance provided by this policy is *excess* over any other collectible insurance.
>
> [*Id.* at 415, 638 *A.*2d 924.]

Judge Michels, writing for the court in *Royal*, upheld the effect of the "Other Insurance" clause contained in the injured claimant's personal injury policy holding that the UIM coverage pertaining

to the non-owned vehicle in which she was driving was primary. Judge Michels wrote:

> [W]e recognize that underinsured motorist coverage has been characterized by some courts as being "personal to an insured", apparently because this type of insurance is acquired solely at the option of the insured and "provid[es] as much coverage as the insured is willing to purchase for his or her protection subject only to the owner's policy liability limits for personal injury and property damages to others." However, this characterization of underinsured motorist coverage cannot overcome the clear and unambiguous language of a policy and render the policy's "excess" clause void and unenforceable. *It is fundamental that in the absence of a statutory prohibition to the contrary, an insurance company has a right to impose whatever conditions it desires prior to assuming its obligations, including providing whether its policy shall be primary to or excess over other collective insurance*
>
> . . . .
>
> [*Id.* at 419, 638 *A.*2d 924 (citations omitted) (emphasis added).]

Notwithstanding our holding in *Royal,* the *Frankel* panel suggested that *Royal* "was overruled *sub silentio* by *Aubrey* [ ]" and upheld the trial court's determination that the injured plaintiff must resort to her personal insurance policy for UIM benefits. *Frankel, supra,* 298 *N.J.Super.* at 254, 689 *A.*2d 728. Nevertheless, the panel did recognize without comment our holding in *American Reliance Insurance Co. v. The American Casualty Company of Reading,* 294 *N.J.Super.* 238, 683 *A.*2d 205 (App.Div. 1996). *Frankel* is not controlling on the issue here presented.

In *American Reliance,* the injured claimant was driving a van owned by her employer at the time of the accident. A dispute arose as to which insurance carrier, claimant's personal carrier or her employer's carrier, was responsible for UIM benefits after claimant had settled for the total available liability afforded by the tortfeasor's policy. Claimant's personal policy contained an "Other Insurance" clause. The trial judge ignored the "Other Insurance" clause and, relying upon *Aubrey,* determined that the UIM coverage of claimant's personal policy applied. On appeal, we emphasized that the contractual terms of the insurance policies must be observed and noted that the critical terms of the respective policies there involved were identical to the terms construed in *Royal.* We saw no reason in *Aubrey* requiring us to reach a different holding than that reached in *Royal* and therefore re-

versed the trial court concluding that the "Other Insurance" clause in claimant's policy rendered the policy issued to the employer responsible for UIM coverage.

Subsequent to our decisions in *Frankel* and *American Reliance*, we decided *Koniecpolski v. Worldwide Ins. Group*, 299 *N.J.Super.* 275, 690 *A.*2d 1088 (App.Div.1997). There, at the time of the accident, the injured claimant was driving his ex-wife's vehicle which was covered by insurance. The ex-wife's policy had UIM coverage of $50,000 per person/$100,000 per accident and did not contain the claimant's name as an additional insured or as a resident spouse. The claimant had his own insurance policy with UIM coverage of $250,000 per person/$500,000 per accident. The claimant's policy had an "Other Insurance" clause substantially identical to the "Other Insurance" clause contained in the IFA policy insuring plaintiff in this appeal. As in this appeal, a dispute arose between the two carriers as to which was obligated to provide the claimant with UIM coverage.

The panel of this court considering *Koniecpolski* relied upon *Royal* and *American Reliance* and held the "Other Insurance" clause of claimant's policy rendered his UIM insurance secondary to the UIM coverage insuring the host vehicle he was driving. Speaking for this court, Judge Shebell expressed the panel's keen sensitivity to the contractual wording of the applicable policies and wrote:

> [A] clear provision of a contract between the insurer and the insured [should not] be abrogated so long as it is not contrary to established public policy or any statutory or Constitutional provision. Therefore, we conclude that the Supreme Court did not intend its holding in *Aubrey* to void "Other Insurance" language that is commonly found in insurance contracts.
>
> [*Koniecpolski, supra,* 299 *N.J.Super.* at 279, 690 *A.*2d 1088 (citations omitted).]

Significantly, the panel deciding *Koniecpolski* acknowledged the *Frankel* opinion and said: "Finally, we disagree with the conclusion that *Royal Insurance* has been overruled *sub silentio* by the Supreme Court in *Aubrey.*" *Id.* at 281, 690 *A.*2d 1088.

Liberty Mutual now urges that we follow certain *dicta* in *Taylor v. National Union Fire Ins. Co.*, 289 *N.J.Super.* 593, 599, 674 *A.*2d

634 (App.Div.), *certif. denied,* 145 *N.J.* 376, 678 *A.*2d 716 (1996), where we said:

> We read *Aubrey* as standing for the principle that if a person is injured while fortuitously using or occupying a vehicle covered by a policy under which the person is not a named insured, *that person's UIM recourse is defined by his "own" policy* and not by the policy covering the fortuitously occupied vehicle or, indeed, any other policy.

[Emphasis added.]

Therefore, the argument is made that since plaintiff was "fortuitously" driving the host vehicle, he may resort only to his personal UIM coverage. We do not read *Taylor* as either dictating or suggesting the result urged by Liberty Mutual. On the contrary, it suggests the result we reach in this case. The quoted language of *Taylor* clearly indicates that the injured claimant's UIM recourse is *defined* by his "own" policy. Under the facts involved in this appeal and following the quoted language of *Taylor,* plaintiff's own policy *defines* UIM coverage as being governed by the "Other Insurance" clause of the policy. An "Other Insurance" clause was not the basis of the *ratio decideni* in *Aubrey,* in *Taylor,* or in *Aetna Cas. & Sur. Co. v. Prudential Property and Cas. Ins. Co.,* 296 *N.J.Super.* 116, 686 *A.*2d 352 (App.Div.1996), also relied upon by Liberty Mutual. The decisions in those cases did not involve the applicability of an "Other Insurance" clause. Moreover, in *Taylor,* the driver was named as an additional insured, clearly not the case here.

 "Generally speaking, courts construe insurance policies consistent with the objectively reasonable expectations of the insured." *Aubrey v. Harleysville Ins. Cos.,* 140 *N.J.* 397, 404, 658 *A.*2d 1246 (1995); *Werner Indus. v. First State Ins. Co.,* 112 *N.J.* 30, 35, 548 *A.*2d 188 (1988). However, specific wording of an insurance policy cannot be ignored. "An exclusion clause serves the purpose of delimiting and restricting coverage. An exclusion that is specific, plain, clear, prominent, and not contrary to public policy will be given effect." *Doto v. Russo,* 140 *N.J.* 544, 559, 659 *A.*2d 1371 (1995) (citations omitted).

Accordingly, we believe that paramount consideration must be given to the precise contractual language of the insurance policies involved in determining the applicability of UIM coverage. An insurance policy is interpreted according to its plain and ordinary meaning. *Voorhees v. Preferred Mut. Ins. Co.*, 128 *N.J.* 165, 175, 607 *A.2d* 1255 (1992). While a court must be cautious in its enforcement of a highly technical contract generally not subject to bargaining over its terms, such as an insurance policy, it may, nevertheless, not lightly interfere with freedom of contract especially where public policy considerations do not apply. *See Sparks v. St. Paul Ins. Co.*, 100 *N.J.* 325, 334–35, 495 *A.2d* 406 (1985). We do not consider the decision in *Aubrey* as establishing public policy for the guidance of lower courts in deciding UIM coverage. *Aubrey* was decided on the grounds of statutory interpretation.

Our analysis leads to the conclusion that the more cogent reasoning, which we are constrained to follow, has been expressed by our court in *Royal, American Reliance*, and *Koniecpolski.*

For the foregoing reasons, Liberty Mutual is the primary UIM carrier. The judgment below is reversed.