(9 P.3d 565)

No. 83,331

PROGRESSIVE CASUALTY INSURANCE COMPANY, *Appellee/Cross-appellant*, v. FARM BUREAU MUTUAL INSURANCE COMPANY, *Appellant/Cross-appellee*.

Opinion filed July 21, 2000.

*Arthur S. Chalmers*, of Hite, Fanning & Honeyman L.L.P., of Wichita, for appellant/cross-appellee.

*Kevin M. McMaster* and *William A. Vickery*, of McMaster & McMaster, of Wichita, for appellee/cross-appellant.

Before GERNON, P.J., KNUDSON, J., and BUCHELE, S.J.

KNUDSON, J.: Farm Bureau Mutual Insurance Company (Farm Bureau) appeals the district court's judgment of $8,333 in favor of Progressive Casualty Insurance Company (Progressive). Progressive cross-appeals the court's denial of its request for attorney fees.

We reverse the district court after concluding its interpretation of Farm Bureau's policy to be in error. Our decision renders moot the issue of whether the trial court erred in refusing to grant Progressive attorney fees.

The facts of this case are not in dispute. Angela Thornell was a passenger on a motorcycle owned and driven by Christopher Parisho when it was struck by an automobile driven by an uninsured motorist. Both Thornell and Parisho were injured.

Progressive provided automobile liability coverage for Parisho's motorcycle; Farm Bureau provided omnibus coverage for Thornell under a automobile liability policy issued to Thornell's mother. In a pretrial order, Farm Bureau and Progressive stipulated that as a

result of the accident Thornell was entitled to recover damages in excess of $50,000. In the earlier lawsuit brought by Thornell, each carrier paid Thornell $25,000 in uninsured motorist (UM) benefits and Progressive reserved its right to proceed against Farm Bureau under a theory of equitable subrogation.

The Progressive insurance policy provided UM coverage limits of $25,000 for each person and $50,000 for each accident. The Farm Bureau policy provided coverage limits of $50,000 for each person and $100,000 for each accident.

The district court interpreted the "other insurance" clauses within both insurance policies to provide UM benefits pro rata to Thornell. As a result, the court awarded Progressive a money judgment against Farm Bureau of $8,333.

The controlling issue on appeal is whether the trial court erred in its interpretation of the "other insurance" clause in the Farm Bureau policy.

Our standard of review of interpretation of an insurance contract is unlimited. See *Elliott v. Farm Bureau Ins. Co., Inc.*, 26 Kan. App. 2d 790, 793, 995 P.2d 885 (1999), *rev. denied* March 24, 2000. When an insurance contract is not ambiguous, the court will enforce the contract as written. 26 Kan. App. 2d at 793.

In the Farm Bureau policy, the applicable "other insurance" clause reads:

"If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. *However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance and shall be limited to the difference between the uninsured/underinsured motorist liability limits on the non-owned vehicle and the uninsured/underinsured motorist liability limits on the insured vehicle.*" (Emphasis added.)

The third sentence of this "other insurance" clause is commonly referred to as an "excess-escape" clause because liability is limited to excess damages not covered by other insurance that provides primary coverage. See *Farmers Ins. Co. v. Prudential Property & Cas. Ins. Co.*, 10 Kan. App. 2d 93, 95, 692 P.2d 393 (1984), *rev. denied* 237 Kan. 886 (1985).

The district court concluded Farm Bureau's excess-escape clause was not applicable as to Thornell UM claim because "you" is defined in the policy as the named insured (Thornell's mother) and spouse (if living in the same household). We do not agree with the court's conclusion.

There is persuasive authority the insured of a vehicle involved in a collision has primary UM coverage for a passenger of that vehicle, with the insurer of a passenger providing excess coverage. See *State Farm Mut. Auto Ins. Co. v. Powers,* 732 A.2d 730, 736-37 (Vt. 1999). See Couch On Insurance 3d § 219:51, p. 219-65 (1999); 8C Appleman & Appleman, Insurance Law and Practice § 5102.65, pp. 492-93 (1981).

We also find persuasive the reasoning of the Superior Court of New Jersey in *Di Ciurcio v. Liberty Mut. Ins. Co.,* 299 N.J. Super. 426, 691 A.2d 396 (1997). In that case, in a suit brought by a passenger, the "other insurance" clause of the *driver's* automobile liability policy read:

" 'If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

'However, any insurance we provide with respect to a vehicle *you* do not own . . . shall be excess over any other collectible insurance.' " (Emphasis added.) 299 N.J. Super. at 433.

The driver's insurance company, Liberty Mutual Insurance Company (Liberty) contended "you" refers to the plaintiff/passenger. Liberty argued that its UM coverage should be co-primary, with UM coverage provided the plaintiff/passenger through his father's automobile insurance policies.

The *Di Ciurcio* court rejected Liberty's argument and concluded:

"The word 'you' in the Liberty policy does not refer to plaintiff, as Liberty suggests. Rather, the definition section of the policy provides that '[t]hroughout this policy, "you" and "your" refer to: 1. The "named insured" shown in the Declarations; and 2. The spouse if a resident of the same household.' Liberty is not providing UIM insurance to a vehicle its named insured does not own. It is providing UIM coverage for a vehicle its named insured owns." 299 N.J. Super. at 433.

In the case now before us, the underlying factual circumstances are somewhat different than in *Di Ciurcio*. We are concerned with the omnibus clause coverage afforded Thornell through her mother's insurance policy with Farm Bureau, not the insurance policy insuring the vehicle involved in the underlying accident. Nevertheless, *Di Ciurcio* does reinforce our view that the district court's interpretation of the "excess-escape" clause in the Farm Bureau policy is not tenable.

The district court's interpretation ignores the clear and unambiguous language of the clause. Inserting the policy definition of "you" within the clause, it would read: "However, any insurance we provide with respect to a vehicle [the named insured or his or her spouse does] not own shall be excess over any other collectible insurance."

The district court's interpretation would result in inconsistent application of the clause depending upon whether the claimant was the named insured or an individual afforded omnibus coverage under the policy. A named insured would receive only excess coverage; an individual provided omnibus coverage would be entitled to pro rata coverage. We do not believe the district court's interpretation to be reasonable. We read the clause to provide excess coverage to either a named insured or an omnibus insured if either is injured in a vehicle not owned by the named insured. We conclude the Farm Bureau policy provided excess coverage only, and the district court erred in granting Progressive's claim for equitable subrogation.

Our decision renders moot Progressive's cross-appeal.

Reversed.