**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4167-18T3

ANA S. DERAS,

    Plaintiff-Appellant,

v.

YASAMIN T. HAMWI,
MARISOL D. SANTOS,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendants,

and

ALLSTATE NEW JERSEY
PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant-Respondent.

_____

Argued January 23, 2020 – Decided February 11, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3073-17.

Timothy S. Sellinger argued the cause for appellant (Sellinger & Sellinger, PA, attorneys; Timothy S. Sellinger, on the briefs).

Joseph B. O'Toole, Jr., argued the cause for respondent (O'Toole, Couch & Della Rovere, LLC, attorneys; Joseph B. O'Toole, Jr., on the brief).

PER CURIAM

Plaintiff Ana S. Deras appeals from a May 9, 2019 order granting summary judgment to defendant Allstate New Jersey Property & Casualty Insurance Company (Allstate) and denying her request for underinsured motorist (UIM) coverage under Allstate's policy. We affirm.

The relevant facts are as follows. Plaintiff suffered an injury while she was a passenger in a car (host vehicle) involved in an accident with another car (tortfeasor's vehicle). The host vehicle, insured by Government Employees Insurance Company (GEICO), was owned and driven by plaintiff's friend. The tortfeasor's vehicle failed to stop at a stop sign and struck the host vehicle. The tortfeasor's vehicle was insured by Plymouth Rock Assurance (Plymouth).

Plaintiff sought UIM coverage from Allstate as a resident relative living in the household of her deceased husband's family. The family's cars were insured under a policy issued by Allstate (Policy).

Allstate denied plaintiff's UIM claim based on an exclusion in the Policy, prohibiting coverage for resident relatives who are not occupants of a car insured under the Policy, and who are insured under another policy. Allstate relied on this exclusion, known as Exclusion C, stating it would not "provide underinsured motorists coverage to any resident relatives who are not occupants of the insured auto described on the Policy Declarations, . . . and who are insured under another auto policy."

Allstate suggested plaintiff provide notice to GEICO of her UIM claim because "GEICO [was] the host carrier involved" in the accident. If GEICO provided UIM coverage and plaintiff recovered under the GEICO policy, Allstate reasoned plaintiff would be insured by GEICO and therefore ineligible for UIM benefits from Allstate.

Plaintiff's counsel wrote to Allstate, confirming coverage by GEICO and advising Plymouth made a settlement offer. Counsel also advised of plaintiff's intent to proceed with her UIM claim against Allstate. Allstate repeated its denial of UIM coverage for plaintiff's claim.

Plaintiff sued the drivers and their insurance companies. She also sued Allstate. Plaintiff settled with GEICO and Plymouth. After settling with these

A-4167-18T3

insurance companies, plaintiff dismissed all claims except her UIM claim against Allstate.

Allstate filed a motion for summary judgment, seeking dismissal of plaintiff's complaint because she was not covered under the Policy. Plaintiff filed a cross-motion for summary judgment, seeking UIM coverage for her injuries under the Policy. The trial judge agreed with Allstate's denial of UIM coverage, granted Allstate's motion, and denied plaintiff's cross-motion. In a May 9, 2019 order, the judge dismissed plaintiff's complaint against Allstate.

On appeal, plaintiff claims the judge erred in granting summary judgment and dismissing her complaint against Allstate because she was entitled to UIM coverage under the Policy.

We apply the same standard as the trial court when reviewing a summary judgment decision. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). A trial court's determination regarding summary judgment is "not entitled to any special

deference," and is subject to de novo review.  Manalapan Realty, L.P. v. Twp.

Comm. of Manalpan, 140 N.J. 366, 378 (1995).

"[T]he interpretation of an insurance contract is a question of law which

[the appellate courts] decide independent of the trial court's conclusions."

Thompson v. James, 400 N.J. Super. 286, 291 (App. Div. 2008) (second

alteration in original) (quoting Simonetti v. Selective Ins. Co., 372 N.J. Super.

421, 428 (App. Div. 2004)).

We must determine whether the Policy accords UIM coverage for

plaintiff's injuries.  Under the Policy, an "insured person" is defined as the

policyholder "and any resident relative or civil union partner under New Jersey

law."  The Policy defines an "underinsured auto" as a vehicle "to which a

liability bond or policy applies at the time of accident but its limit for liability

is less than the limit of liability for this coverage."

There are seven exclusions for which Allstate "will not pay any damages

an insured person is legally entitled to recover."  One of the exclusions is

Exclusion C, which states Allstate "will not provide [UIM] coverage to any

resident relatives who are not occupants of the insured auto described on the

Policy Declarations, including a replacement auto and an additional auto, and

who are insured under another auto policy."  Relying on Exclusion C, Allstate denied plaintiff's UIM claim.

Here, the issue is whether plaintiff is eligible for UIM benefits under the Policy as a resident relative subsequent to her receipt of benefits as an insured under the GEICO policy.  In determining whether a claimant shall receive UIM benefits, courts employ a two-step approach.  Di Ciurcio v. Liberty Mut. Ins. Co., 299 N.J. Super. 426, 429 (App. Div. 1997).  "First, the court must determine whether a UIM claimant . . . qualifies for UIM benefits."[1]  Ibid.  "[T]he second step requires a determination as to whether plaintiff is entitled to the benefits of more than one policy in light of the relevant policies' terms."  Ibid.

Plaintiff contends she is entitled to UIM coverage under Endorsement ANA11-1 (Endorsement) of the Policy.  The Endorsement provides the coverage limits apply to

> an insured person who is the named insured or resident spouse of the named insured on this policy and any resident relative who is not the named insured or spouse of a named insured on another insurance policy, and who is in, on, getting into or out of an insured auto or non-owned auto . . . .

---

[1]  Neither party contests that plaintiff could qualify for UIM benefits because the damages associated with her injuries were greater than the limits of the insurance policies issued to the host vehicle and the tortfeasor's vehicle.

A-4167-18T3

To trigger the Endorsement provision, a person must be covered under the Policy.

Plaintiff argues the Endorsement, rather than Exclusion C, applied and she was entitled to UIM coverage under the Policy. She also claims the Endorsement and Exclusion C are "self-contradictory and ambiguous."

Our Supreme Court indicated "the critical factor in UIM coverage litigation is the policy language." N.J. Mfrs. Ins. Co. v. Breen, 153 N.J. 424, 431 (1998). "UIM insurance is essentially a creature of contract law and should be interpreted accordingly." Di Ciurcio, 299 N.J. Super. at 432.

> In appellate review of an insurance policy, the court construes the policy as any other contract to give effect to the parties' intentions at the time the contract was made. Where the terms of such a contract are clear, they are to be accorded their plain and ordinary meaning . . . . The parties to an insurance contract may contract for any lawful coverage, and the insurer may limit its liability and impose restrictions and conditions upon its obligation under the contract not inconsistent with public policy or statute.
>
> [French v. N.J. Sch. Bd. Ass'n Ins. Grp., 149 N.J. 478, 492 (1997) (omission in original) (quoting Leader Nat'l Ins. Co. v. Am. Hardware Ins. Grp., 545 N.W.2d 451, 455 (Neb. 1996)).]

See also Royal Ins. Co. v. Rutgers Cas. Ins. Co., 271 N.J. Super. 409, 419 (App. Div. 1994) ("It is fundamental that in the absence of a statutory prohibition to

the contrary, an insurance company has a right to impose whatever conditions it desires prior to assuming its obligations . . . .").

Courts enforce the terms of an insurance contract as written, so long as the language is clear. Thompson, 400 N.J. Super. at 291 (quoting Conduit & Found. Corp. v. Hartford Cas. Ins. Co., 329 N.J. Super. 91, 99 (App. Div. 2000)). "[W]here the terms of an insurance policy are ambiguous, '[appellate courts] look for the probable intent of the parties and their reasonable expectations.'" Ibid. Ambiguous terms should be construed liberally in favor of the insured. Ibid.

Based on our review of the Policy, the Endorsement does not apply if there is no UIM coverage. The plain language of Exclusion C states UIM coverage is not available for any resident relatives who (1) "are not occupants of the insured auto described on the Policy Declarations," and (2) "who are insured under another auto policy." Absent a statutory prohibition, Allstate has the right to relieve itself of liability, as in this situation, by imposing conditions prior to assuming an obligation. See French, 149 N.J. at 492. We are satisfied the Endorsement relied upon by plaintiff is inapplicable because there is no UIM coverage as a result of plaintiff's being deemed an insured under GEICO's policy.

A-4167-18T3

Here, the plain meaning of the Policy is not ambiguous. Exclusion C eliminates coverage for plaintiff because she was insured under the GEICO policy. Section IV of the GEICO policy, entitled "Uninsured/Underinsured Motorists Coverage," provides "protection for you and your passengers." The GEICO policy provided UIM coverage for an "insured" and defined the term "insured" as "[a]ny other person while occupying an owned auto." Because plaintiff was occupying the host vehicle, she was an "insured" under GEICO's policy, triggering Exclusion C under Allstate's policy, and therefore not entitled to UIM benefits from Allstate.

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4167-18T3